*D. H. Colerick* and *W. H. Coombs,* for the defendant.

<div style="margin-left:auto; text-align:right;">
May Term, 1841.

. Sheets
v.
Dufour.
</div>

---

SHEETS and Another *v.* DUFOUR.

A person holding land under a general warranty deed made to him by another, has, *prima facie*, a good title.

A conveyance of land, executed by a *feme covert* under twenty-one years of age, is not admissible evidence if objected to, unless the certificate of consent, &c., required by the statute of 1839, be proved, like any other written instrument with subscribing witnesses, by examining those witnesses or one of them, if they or either of them can be procured: if neither of them can be procured, resort should be had to the next best evidence.

May Term,
1841.

SHEETS
v.
DUFOUR.

Friday,
May 28.

APPEAL from the *Switzerland* Circuit Court.

BLACKFORD, J.—This was an action of debt brought by *J. F. Dufour*, assignee of *J. Dalmazzo*, against *J. Sheets* and *V. Dufour*, on a promissory note. There are four pleas in bar. 1. That the note sued on, with two others, was given to the payee, *Dalmazzo*, for the price of an undivided moiety of certain real estate, sold by him to *Sheets*, one of the defendants; that *Dalmazzo*, at the time of the contract, gave *Sheets* a bond conditioned for the execution of a good and sufficient deed in fee-simple for the land, on payment of the purchase-money; that the note sued on is the only one of those given for the land that remains unpaid; that *Dalmazzo* has not conveyed nor offered to convey the land to *Sheets*, but has refused, &c. The second and third are pleas of payment; to which replications in denial were filed. 4. That the note was given in consideration of the land mentioned in the first plea; and that the payee bound himself, as in that plea stated, to convey the land in fee-simple to *Sheets* on payment of the note; that the payee has not a good title to the land; nor has he offered or tendered a good and sufficient deed to *Sheets* for the same. Replication to the first and fourth pleas, that *Dalmazzo* has a good and sufficient title to the land mentioned in the pleas; and that he did, on, &c., tender to *Sheets* a good and sufficient deed of conveyance in fee-simple for the same; that *Sheets* refused to receive the deed, and the same is now brought into Court. Rejoinder in denial of the replication to the first and fourth pleas. The cause was submitted to the Court, and judgment rendered for the plaintiff.

The defendants admit the execution of the note sued on; and the consideration for which it was given is shown by the pleadings. The only questions in dispute at the trial were, 1st, Had *Dalmazzo* a good title to the land for which the note was given? 2dly, If he had, did he offer a good and sufficient deed of conveyance for the same to *Sheets?*

With regard to the first question, it was proved that *Dalmazzo* held the land by a general warranty deed duly executed by *Vincent Dufour* and wife, which was a good title, *prima facie;* and nothing against it being shown, it was sufficient.

But, on the second question, the defendants should have succeeded. The plaintiff offered in evidence a deed for the land, which *Dalmazzo* had tendered to *Sheets* before the suit was commenced, and which *Sheets* had refused to accept. The defendants objected to the deed as evidence, but it was admitted. The objection should have been sustained. Mrs. *Dalmazzo*, who had executed the deed with her husband, was under the age of twenty-one years, and her father was dead. She had a mother living named *Mary Price*, whose name appeared to be signed to a certificate of consent to Mrs. *Dalmazzo's* execution of the deed. That certificate was indorsed on the deed; but there was no proof that the name of Mrs. *Price* which appeared to the certificate, had been signed by her in the presence of two witnesses as the statute requires, nor, indeed, that she had signed it at all. Stat. 1839, p. 14. The certificate in question, to be sure, is followed by the certificate of a justice of the peace that Mrs. *Price* had acknowledged before him, that she had signed and sealed the certificate of consent, but that is not legal evidence that she had executed it. This certificate of consent, like any other written instrument with subscribing witnesses, should be proved by examining those witnesses or one of them, if they or either of them can be procured. If neither of them can be procured, resort should be had to the next best evidence. In no event, can the certificate of a justice of the peace, or of any body else, that he had heard Mrs. *Price* admit that she had executed the instrument, be admissible to prove it; still less to prove, that she had executed it in the presence of two witnesses. It appears to us, therefore, that the deed of *Dalmazzo* and wife, which had been tendered to *Sheets*, ought not to have been admitted in evidence, the written consent of Mrs. *Price* not being sufficiently proved.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. G. Marshall*, for the appellants.

*S. C. Stevens*, for the appellee.