SILAS SEARS *versus* WINSLOW WRIGHT.

Where a note is made payable " from the avails of the logs bought of M. M., when there is a sale made," it is not payable upon a contingency, but absolutely ; and when a reasonable time has elapsed to make sale of the logs.

Parol evidence is inadmissible to show, that it was the intention of the parties, when the note was given, that if it turned out, that on manufacturing the logs, there was a total loss thereof to the owner, the note was not to be paid.

ASSUMPSIT on a note of the following tenor : — " Bangor, June 15, 1836. For value received, we promise to pay Silas Sears two hundred and thirty-three dollars and ninety-six cents, from the avails of the logs bought of Martin Mower, when there is a sale made. $233,96. Winslow Wright & Co."

The action was commenced on June 24, 1841. At the trial, before WHITMAN C. J. Martin Mower, for the plaintiff, testified that he saw the defendant sign the note ; that on the same day the defendant had purchased of Martin Mower logs to the amount of $6496,02, which were the logs referred to in said note ; that one Hervey Pond, in the summer and fall of 1836, acted as the agent of the defendant in manufacturing and shipping said lumber, but could not state as to the quantity so disposed of by said Pond ; that he heard defendant say, that Pond was to take charge of said lumber.

Upon this evidence, together with the legal presumption of " a sale made," arising from the lapse of time between the date of the note and of the writ, the plaintiff relied.

The defendant then offered to show, that he made endeavors to sell the logs referred to in the note, without manufacturing, as they lay, and advertised them for sale at public auction, but was unable at the time appointed for the sale at auction to obtain a bidder ; that he then undertook to run and manufacture the same into boards in a prudent and careful manner, to the best advantage, and that the expense of running, boomage, sawing and manufacturing exceeded the value of the lumber by two thousand dollars ; that the defendant actually lost and paid out for the running, sawing and manufacturing more than

$1500 more than he realized from the proceeds of the lumber, when sold; and that this was done with the knowledge of the plaintiff; that at the time said note was given, it was understood, that said Wright was not to pay the same unless there were funds in his hands, after paying the expenses of sawing and running, and manufacturing; that the plaintiff frequently called while the logs were being manufactured, and afterwards, to know if there would be any funds after paying the bills; and that the loss of two thousand dollars, by manufacturing, &c. was exclusive of the cost of the logs and amount paid by the defendant to Martin Mower, the whole loss being about $7000. This testimony the Court ruled to be inadmissible, and thereupon the defendant consented to be defaulted, the default to to be taken off if the ruling was erroneous.

*M. L. Appleton,* for the defendant, contended, that the default should be taken off on either of two grounds: —

1. This was not an absolute promise to pay the sum mentioned in the note, but a conditional one, depending on whether the defendant realized sufficient for that purpose from the logs. There is no legal presumption, that this was done; and it was incumbent on the plaintiff to show that fact, before he was entitled to recover. The note was merely payable from a particular fund. The "avails of the logs" can mean only the amount realized, "when there is a sale made," above paying the expenses. *Storer* v. *Logan,* 9 Mass. R. 60.

2. But if this is not the true construction, then the parol evidence was admissible, to show that there were no "avails," if the burthen of proof, in that respect, was on us, and to show what the intention of the parties to the contract really was, it having uncertain and equivocal words, if our view of the meaning is not the correct one. 3 Stark. Ev. 1028, 1035; 1 Mason, 11; 10 Mass. R. 379; 14 Maine R. 185.

*Cutting,* for the plaintiff, contended that the words, "avails of the logs," and "when there is a sale made," had reference merely to the time of payment. The money is payable absolutely and unconditionally.

Here the parol evidence offered, was principally to show conversations at the time the note was given, which all the authorities on the subject say are inadmissible. The words are intelligible in themselves, and cannot be explained by parol.

But what are *avails*, but the proceeds of the sale ? The defendant had received a much larger amount than our demand. Besides, the defendant had no right to manufacture the logs, but was to sell them. And it is ridiculous to pretend, that the whole value of the logs would not pay this small note.

The opinion of the Court was drawn up by

WHITMAN C. J. — The note in suit was payable, "from the avails of the logs bought of Martin Mower, when there is a sale made." The logs referred to, were sold to the defendant for $6496,02 ; and many years had elapsed after the giving of the note, before the suit was commenced. It is contended, that the logs could not be sold ; and that, on being manufactured into boards, there was a total loss to the owners ; and it was offered to be proved, that it was the understanding of the parties, if such should turn out to be the case, that the note was not to be paid. We think the Judge at the trial did right in not permitting such a defence to be set up, as it would have been manifestly opposed to the spirit and meaning of the written contract, into which the defendant had entered. By the terms of that contract it could not be inferred, that the plaintiff had consented to subject himself to any such contingency. His agreement in terms was to wait till the logs could be sold. Thus the defendants had a duty to perform. They were bound to sell the logs and to do it within a reasonable time. A reasonable time for such purpose, had long since elapsed. To pretend that a quantity of logs, for which the defendant had been contented to pay $6496,02, could not be sold for the amount, ($233,91, and interest) due to the plaintiff, cannot be deemed otherwise than preposterous. Judgment must be entered upon the default.