No. 11,513.

## SOUDERS ET AL. *v.* JEFFRIES.

PLEADING.—*Harmless Error.*—Where it appears that the facts alleged in a pleading have been found untrue, the overruling of a demurrer to the pleading is a harmless error.

EJECTMENT.—*Evidence of Title.*—*Deed.*—A warranty deed, executed by one shown to be in possession of real estate, is *prima facie* evidence of title in the grantee.

From the Monroe Circuit Court.

*J. H. Louden* and *R. W. Miers,* for appellants.

*J. R. East* and *W. H. East,* for appellee.

HAMMOND, J.—Suit by the appellee against the appellants to quiet title to real estate. The complaint was in two paragraphs, to each of which appellants unsuccessfully demurred. They then answered by the general denial. Appellant Sarah Souders also filed a cross complaint, claiming to be the owner and entitled to the possession of the same real estate, averring that appellee was in the unlawful possession of it, and asking judgment for possession and damages. Appellee answered the cross complaint by the general denial. There was a trial by the court, and a finding for appellants upon appellee's complaint, and for the appellee upon the cross complaint, the effect of the finding being that none of the parties had any title. Appellant Sarah Souders moved for a new trial, assigning as causes that the finding was not sustained by sufficient evidence, and was contrary to law. Her motion was overruled, and judgment was rendered in accordance with the finding.

As the court found and gave judgment against the appellee upon his complaint, the error, if any, of overruling the appellants' demurrer thereto was rendered harmless. The overruling of a demurrer to an insufficient pleading is unavailable as error where the finding or verdict is against the truth of the facts alleged in such pleading. *State, etc.,* v. *Julian,* 93 Ind. 292.

We are next to consider whether there was error in over-ruling appellant Sarah Souders' motion for a new trial. The evidence is in the record, and, in support of her title, shows the following facts: John W. Shelton, being in possession of the real estate in controversy, conveyed the same by war-ranty deed, his wife joining therein, to the appellant Oscar Souders, on May 13th, 1872.

Appellants Oscar and Sarah Souders, who were husband and wife, conveyed the real estate, June 20th, 1872, to Peter Wehner, who, on the same day, reconveyed it to said Sarah. The deeds mentioned were duly recorded. As Sarah traced her title back through a warranty deed from one in possession, the evidence standing alone was sufficient to authorize a re-covery in her favor upon her cross complaint. A warranty deed from one in possession of real estate conveyed gives the the grantee, *prima facie,* a good title. *Sheets* v. *Dufour,* 5 Blackf. 549 ; *Pierson* v. *Doe,* 2 Ind. 123 ; *Applegate* v. *Doe,* 2 Ind. 169 ; *Voltz* v. *Newbert,* 17 Ind. 187 ; *Huddleston* v. *Ingels,* 47 Ind. 498 ; *Brandenburg* v. *Seigfried,* 75 Ind. 568.

It was attempted to be shown that Sarah's title was divested by a mortgage executed by her and her husband May 14th, 1872, to Alexander M. Murphy. This mortgage was fore-closed in December, 1872. The real estate described in it was sold under the foreclosure at sheriff's sale, on January 31st, 1873, to D. J. Hodges and I. Mill Rodgers, to whom a sheriff's deed was executed on February 4th, 1874. At the time of the commencement of his action, and when the cross complaint was filed, the appellee was in possession of the real estate described in said cross complaint. It is inferable that his possession was under claim of title by conveyances from Hodges and Rodgers.

It must be conceded that if the real estate described in the cross complaint is embraced in that described in the mort-gage, the finding and judgment of the court, so far as the ap-pellant Sarah Souders is concerned, were correct, for in that case her title to the real estate now in controversy was ex-

tinguished by the mortgage, foreclosure and sheriff's deed. But if the real estate in controversy was not included in the mortgage, the finding and judgment were in conflict with the evidence. The real estate described in the mortgage, foreclosure proceedings, and sheriff's deed, was: "Out-lot No. 12 and in-lot No. 123 in the town of Bloomington." The real estate as described in the cross complaint, and to which the appellant Sarah proved title as above shown, was "The north half of Seminary Lot No. 12 in Bloomington, immediately west of the college campus." It may be doubtful whether, in the absence of evidence *aliunde,* it could be held that out-lot No. 12, in the town of Bloomington, was the same as Seminary Lot No. 12 in Bloomington, but, be that as it may, parol evidence was properly admitted upon the question of the identity of the real estate covered by the two descriptions. The evidence upon this point we set out in full as follows: Richard A. Fulk testified: "I am the auditor of Monroe county. I know where Seminary Lot No. 12 is. It is just west of the college. I don't know whether there are any other lots No. 12 in Bloomington or not. I know there are out-lots north and west of Bloomington. I remember 14 and 15; I don't remember 12, yet there may be. If there are any such lots they are in Bloomington township, while Seminary Lot 12 is in Perry township. The plat of the town will show."

Oscar Souders testified: "I am the husband of Sarah Souders, and am the Oscar Souders mentioned in the deed of John W. Shelton; he was in possession of that part of Seminary Lot 12 that he deeded to me at the time he made the deed to me; Seminary lots are on the south part of town, down by the college, and in Perry township; out-lot 12 is north and west of Bloomington, and in Bloomington township; they are not within a half mile of each other; it was Seminary Lot 12 that I owned, and I never owned any of the out-lots."

From this evidence, and the dissimilarity of the descrip-

tions, we think it is plain that the part of Seminary Lot 12, sought to be recovered by the cross complaint, was not embraced in the mortgage. The evidence, therefore, shows title in the appellant Sarah Souders of the real estate described in her cross complaint, and the court erred in its finding against her. Her motion for a new trial should have been sustained.

Reversed, at appellee's costs, with instructions to sustain the motion for a new trial.

Filed Oct. 17, 1884.