No. 12,500.

## WALLING ET AL. *v.* BURGESS ET AL.

PARTNERSHIP.—*Death of Partner.—Firm Property.—Sale of by Surviving Partner to Pay Debts.—Real Estate.—Equitable Title to Purchaser.—Rights of Widow and Heirs.*—The survivor, in the case of the death of a partner, must pay the debts out of the personal property, if there is sufficient for the purpose, and the widow and heirs of the deceased partner, in that event, have the right to the share of the deceased partner in the real estate owned by the firm; but if the personal property is not sufficient to pay all the debts of the firm, and it is necessary to sell the real estate of the firm to pay the debts of the firm, the surviving partner has the right to sell and convey the same. If he sells and conveys the same in good faith, for a valuable consideration, without an order of court, he passes an equitable title to the purchaser.

SAME.—*Real Estate.—Proceeds of Sale in Excess of Debts.*—Where it becomes necessary to sell a parcel of real estate which is indivisible, in equity regarded as personal property so far as necessary to pay the debts of the firm, to apply a portion of the proceeds to the payment of the firm debts, the sale in good faith for a valuable consideration passes the equitable title to the whole tract, and the heirs of the decedent, or his legal representatives, take the surplus proceeds instead of the real estate.

SAME.—*Proceeds of Sale.—Receipt of by Widow.—Estoppel to Assert Title to Real Estate.*—In such case, where the property is sold for its full value,

and the widow receives all of the proceeds of the sale in excess of the amount necessary to pay the firm debts, she is estopped from claiming any interest in the real estate as against the purchasers.

SAME.—*Purchasers.*—*Quieting Title.*— *Widow Bound by Decree.*--The widow, after the sale, having claimed an interest in the real estate for herself and minor son, and the purchasers in suit thereupon brought, she being served with notice and appearing by attorney, having secured judgment quieting their title as against them, she is bound by the decree.

PLEADING.—*Overruling Demurrer to Bad Answer.*— *When Harmless Error.*— Where, under the issues joined by the general denial, the same evidence can be · introduced and the same facts found as under the special answers filed, and there is a special finding of facts which controls and governs the verdict to be rendered, so that it removes the presumption that if the defendants prove the defence pleaded they are entitled to judgment, it is a harmless error to overrule a demurrer to a bad answer.

From the Noble Circuit Court.

*A. C. Chapin* and *R. P. Barr*, for appellants.

*H. G. Zimmerman*, for appellees.

OLDS, J.—This is an action brought by the appellees, as plaintiffs, against the appellants, to obtain possession of real estate and quiet title thereto. The complaint is in two paragraphs. The first alleges that appellees are the owners and entitled to possession of the undivided one-half of lots 70 and 73, in Mitchell's addition to the city of Kendallville, Noble county, Indiana, and that appellants have possession without right, claiming title.

The second paragraph alleges that appellees and appellants are tenants in common of the real estate, and that appellants are in possession, claiming title to the whole and denying appellees' title.

Appellants answered in four paragraphs. The first is a general denial, the others set up special defences. Demurrers were filed to each of the second, third and fourth paragraphs, and overruled and exceptions taken, and reply filed and trial had. The trial resulted in a finding for the appellee Albert D. Burgess that he was the owner and entitled to the possession of the undivided one-fourth of the real estate, and in

favor of appellants against appellee Zoradia Hanvell and judgment rendered accordingly, and this appeal is prayed by appellants, and errors assigned by them. Appellee Zoradia Hanvell also asked and obtained leave and assigns cross-errors.

The court, at the request of the appellees, found the facts specially and stated its conclusions of law thereon.

We deem it unnecessary to set out the finding of facts in full. The conclusions of law were to the effect that appellee Albert D. Burgess inherited the undivided one-fourth of the real estate from his deceased father, and that the title had not been divested, and that the appellee Zoradia Hanvell's interest was barred by a decree against her quieting the appellants' title in the Noble Circuit Court.

Appellants excepted to each of the conclusions of law, also moved for judgment in their favor against both of appellees, the plaintiffs below, and also moved for judgment in their favor against appellee Albert D. Burgess which motions were overruled and exceptions taken, and errors properly assigned.

The appellee Zoradia Hanvell also excepted to the conclusions of law.

The facts found, summarized, amount to this : That Burgess and Hildreth were equal partners, engaged in the business of running a foundry and machine shop, and Burgess died. At the time of his death they owned as partnership property and as assets of the firm the real estate in question, consisting of lots 70 and 73, on which was erected the buildings in which they conducted said business, and in which building was the necessary machinery for conducting the business, which was attached to, and was a part of, the real estate, and was adapted to, and used for, conducting the business. One of the lots was conveyed to them jointly, and the other conveyed to them by their firm name.

They also owned a small amount of personal property, and

the firm owed debts in excess of the value of the personal property of the firm.

On the day Burgess died he made a written instrument, conveying and transferring all of his personal property except his household goods to one David S. Welch in consideration of one dollar, in trust, to be sold by him and the debts of Burgess to be paid out of the proceeds, and the balance to be paid to his heirs, *pro rata,* according to their legal interest.

Burgess died, leaving Hildreth as surviving partner. At the time Burgess died the assets of the firm, independent of the lots and fixtures, amounted to the value of $1,005.40, and the indebtedness of the firm amounted to $2,564, leaving a deficiency of $1,558.60 after applying the proceeds of the personal property to the payment of the debts.

Welch, with the consent of Hildreth, and in the belief on the part of Welch and Hildreth that he had the authority to do so, took possession of the Burgess interest in the partnership, and Welch and Hildreth ran the business for a time in the name of Burgess & Hildreth, then, with the consent of Hildreth, Welch sold and conveyed the one-half interest in the business and property, including the real estate, to Hopkins and Hopkins in consideration of $2,400 and the payment of one-half of the firm debts.

In the sale by Welch to Hopkins and Hopkins he purported to act as trustee of the Burgess estate, and he and Hildreth believed he had the right to so act and convey a good title, and Hopkins and Hopkins also relied on his having authority to convey.

Hildreth and the Hopkinses ran the business for a short time, and the Hopkinses sold out to Hildreth, and Hildreth executed his note to Welch for the balance that the Hopkinses were to pay him, and paid the Hopkinses the balance, and borrowed $2,333 in money, part of which he used in paying firm debts, and the balance in making improvements on the property. Hildreth paid off the indebtedness and paid Welch,

and Welch paid over to the widow of Burgess, Zoradia Burgess, all he received for the purchase. Albert D. Burgess was a minor.

Afterwards Hildreth sold and conveyed all the property, including the real estate in question, to the appellants and one Amos B. Park. Zoradia claimed an interest in the real estate for herself and minor son, Albert D., and a compromise was effected, and a suit brought by appellants and Amos B. Park against them to quiet title. Zoradia was properly served with notice, and authorized an attorney to appear for her. Albert D. was at the time a minor, and a resident of Ohio, and the notice as to him was insufficient, and he was sued by the wrong name. A guardian *ad litem* was appointed for him, and judgment was rendered against them, quieting title in the plaintiffs to that suit against the defendants. Amos B. Park afterwards sold and conveyed his title to appellant Henry S. Park.

All of these sales were made in good faith and for the full value of the property.

The firm being in the financial condition which it was, it is important to inquire into the authority of Hildreth as surviving partner in the settlement of the partnership. It was made the duty of the surviving partner, at that time, to file an inventory of the assets and a list of the liabilities of the firm in the clerk's office, but no forfeiture attached if he failed to do so, and if the survivor proceeded to settle the partnership, accounted for the assets and paid the debts, we fail to see how he would be deprived of any right which he would have possessed if he had filed the inventory of assets and list of liabilities as provided for by the statute.

According to the settled law of this State, which is supported by many authorities, the lots in controversy were liable for the debts of the firm, and are regarded in equity as personal property, and liable to be sold for the payment of the firm debts. As against the firm creditors and firm liabilities, the widow and heirs of the deceased partner took no

interest in this property.  The property, the lots in question, according to the finding of the court, were at that time, the date of the death of Burgess, worth $4,458.28, and were liable for $1,558.60 of firm indebtedness, and subject to sale for the payment of the same, and the widow and heirs of the deceased partner, Burgess, had an interest in the undivided half in excess of the amount necessary to pay said firm indebtedness.  It is held in the case of *Huston* v. *Neil*, 41 Ind. 504, where the members of a firm executed a mortgage without the wives of the individual members of the firm joining, and which was foreclosed without the wives being made parties, and sold for the payment of the mortgage debt, that as there was no surplus above the payment of the mortgage debt the wives had no interest in the real estate and were not necessary parties.  Suppose, for instance, that immediately before the death of Burgess, Burgess and Hildreth had sold and conveyed this real estate without the wife of Burgess joining, and the purchase-money had been paid to the members of the firm and become a part of the partnership assets, it would seem clear that the widow and heirs could not have claimed and held any interest in the real estate so sold and conveyed.  One of the purposes and objects of treating the partnership real estate as personal property in equity, is that it may be sold and conveyed by the members of the firm in the usual course of business without the wives of the individual members joining in the conveyance.  Were it otherwise, the business of the firm might be stopped and the partners unable to realize on the assets of the firm by reason of the wife of one of the members refusing to join in a conveyance of the real estate.  When Burgess died, Hildreth survived and became the only member of the firm, and what the partners themselves might have done in the lifetime of Burgess, Hildreth might do alone if necessary to pay the debts of the firm and settle the partnership.  In case of a sale by the partners in the lifetime of all, the excess of the purchase-money above paying

debts becomes assets of the firm, to which the widow and heirs of a partner whose death occurs afterward would be entitled to their respective shares, and the excess of the purchase-money above paying debts of the firm of a sale made by a surviving partner would go to the widow and heirs on settlement of the partnership.

The conclusion, therefore, is irresistible, that in the case of the death of a partner the survivor, or survivors, must pay the debts out of the personal property, if there is sufficient personal property to do so, and the widow and heirs of the deceased partner, in that event, would have the right to the share of the deceased partner in the real estate owned by the firm ; but if the personal property is not sufficient to pay all the debts of the firm, and it is necessary to sell the real estate of the firm to pay the debts of the firm, the surviving partner has the right to sell and convey the same. If he sells and conveys the same, in good faith, for a valuable consideration, without an order of court, he passes an equitable title to the same to the purchaser. Applying this rule to this case, at the death of Burgess, after applying the personal property to the payment of the firm debts, there yet remained $1,558.60 of firm debts unpaid, and no assets to pay the same except the real estate, the two lots in question in this case, which the findings in effect show to have been improved in a manner suitable and proper for the business in which the partners were engaged, and were partnership real estate and indivisible, and Hildreth had the right to sell the same and apply the proceeds to the payment of said firm debts; and, having that right, he did sell and convey the same, in good faith, to the appellants and one Amos B. Park, who afterwards conveyed his interest to appellant Henry I. Park and they took possession and made valuable improvements, and the proceeds received from such sale went to the payment and liquidation of the debts of the firm. True, the findings show that there had been some

other sales by Welch, purporting to act as the trustee of the deceased partner's interest, and the form of the original indebtedness may have changed, to some extent; but all of these transactions and sales were made in good faith, and the money which finally liquidated and paid the debts came from the sale to the appellants, in consideration for which Hildreth, the surviving partner, conveyed to them the partnership property in question in this case, and Hildreth paid all the firm debts; this, we think, passed the equitable title to all of the real estate, and not merely a sufficient interest to pay the firm debts, and that, too, whether there was afterwards a full and legal settlement and accounting by the surviving partner with the legal representatives or heirs of the deceased partner or not. Taking this view of the case it is immaterial to consider and determine the legality of the sale made by Welch, as trustee, as the conveyance made by Welch to the Hopkinses, and by them to Hildreth, made in good faith and in no way diverting or squandering the interest of the deceased partner, could not invalidate the sale finally made by Hildreth, the surviving partner. The right was in Hildreth to sell and convey the real estate, and liquidate the firm debts; and he undertook to sell and convey all of the property, and such sale and conveyance passed the equitable title.

The facts found show that the property was sold for its full value, and that the widow received all of the proceeds of the sale in excess of the amount necessary to pay the firm debts. Clearly she is estopped by that act from claiming any interest in the real estate as against these appellants, and she is likewise bound by and precluded by the decree entered against her in the Noble Circuit Court quieting the title, from setting up any claim of title to the real estate.

The conclusions of law in favor of appellee Albert D. Burgess are erroneous. The conclusions of law on the facts found ought to have been that the appellants, the defendants below, are the equitable owners of the real estate in ques-

tion, and there should have been a judgment in favor of the defendants against both of the plaintiffs below for costs.

We are aware that the authorities are not all in harmony on the question under consideration, but we think the doctrine we have laid down fully supported by authority and the logical conclusions which flow from established principles.

Parsons Partnership states the rule thus: "The following, then, is the American rule : Real estate, purchased and held as partnership property, is so treated in equity, and subjected to all the incidents of partnership property. If there be death, the surviving partner, whether he hold the whole title, or held it in part, or hold none of it, if he be a creditor of the partnership, has the same rights against the real estate, and only the same, which any other creditor has. But this real estate goes to pay the debts of the partnership, and only after they are paid does it, or what is left of it, become the property of the partners, or their representatives, free from all claims." Parsons Partnership (3d ed.), top p. 403, star p. 372.

In the case of *Shanks* v. *Klein*, 104 U. S. 18, Justice MILLER delivering the opinion, it is held that real estate purchased with partnership funds for partnership purposes, though the title be taken in the individual name of one or both partners, is in equity treated as personal property so far as necessary to pay the debts of the partnership, and to adjust the equities of the copartners, and for this purpose in case of the death of one of the partners, the survivors can sell the real estate so situated, and though he can not convey the legal title which passed to the heirs or devisees of the deceased partner, his sale invests the purchaser with the equitable ownership of the real estate, and the right to compel a conveyance of the title from the heir or devisee in a court of equity. *Tillinghast* v. *Champlin*, 67 Am. Dec. 510, and authorities cited in note, p. 541 ; *Grissom* v. *Moore*, 106 Ind. 296 ; *Haas* v. *Shaw*, 91 Ind. 384 (396).

In a note to *McCormick's Appeal*, 98 Am. Dec., p. 200, the editor, in speaking of the difference in the rule in England and this country, says : " But in this country, when the objects of the conversion have been accomplished, a reconversion takes place. When the property has fulfilled all its functions as personal property, in respect to the partnership, the partners and the creditors, and is no longer wanted for those purposes, it becomes, in the hands of those who held the legal title, real estate, and subject to all incidents as such." See authorities there cited.

This we think the true doctrine, but while it remains personal property it is subject to being sold and conveyed by the partners or the surviving partner, and when it becomes necessary to sell a parcel of real estate, which is indivisible, to apply a portion of the proceeds to the payment of firm debts, the sale in good faith for a valuable consideration passes the equitable title to the whole tract, and the heirs of the decedent or his legal representatives take the surplus of the proceeds instead of the real estate.

Cross-errors are assigned by appellees. It is contended that the court erred in overruling demurrers to each of the second, third and fourth paragraphs of answer. If errors were committed in such rulings they were harmless errors. It is held by this court that if a demurrer is overruled to a bad answer, and there is a general finding, it is error. The effect of upholding a bad answer is to adjudge that, if the defence pleaded is proved, the defendant is entitled to a verdict. *Over* v. *Shannon*, 75 Ind. 352. This is manifestly true where there is a general finding, but where there is a special finding of facts they control the judgment, and unless the facts found entitle the defendant to a judgment one can not be rendered in his favor, no difference what may have been pleaded in the answer. In this case, under the issues joined by the general denial, the same evidence could be introduced and the same facts found as under the special answers filed, and there is a special finding of facts which controls and gov-

erns the verdict to be rendered, so that it removes the presumption that if the defendants prove the defence pleaded they are entitled to judgment, and makes it affirmatively appear that no harm resulted by reason of an erroneous ruling, if there was one, on the demurrers to the answer, and brings the case within a well-recognized rule that a cause will not be reversed on account of a harmless error. *Tracewell* v. *Farnsley*, 104 Ind. 497 ; *Nixon* v. *Campbell*, 106 Ind. 47 ; *Krug* v. *Davis*, 101 Ind. 75.

Some other cross-errors are assigned, all of which we have considered, and find no error, and do not deem it proper to extend this opinion by stating the questions at length.

The judgment is reversed as to appellee Albert D. Burgess, at his costs, with instructions to the court below to restate its conclusions of law, by stating as a conclusion of law on the facts found that the defendants are the owners of all the real estate in question and described in the complaint, and entitled to judgment for their costs, and to sustain the motion of the defendants for judgment in their favor against the plaintiff Albert D. Burgess, and to render judgment in favor of defendants against said Albert D. Burgess, and the judgment is affirmed against appellee Zoradia Hanvell.

Filed Oct. 30, 1889.

## On Petition for a Rehearing.

Olds, J.—It is urged that the facts stated in the opinion as to the financial condition of the firm of Burgess and Hildreth at the date of the death of Burgess are not in harmony with the facts as found by the trial court, and that the debts did not exceed the personal assets of the firm to as great an amount as stated in the opinion. On a re-examination of the findings of facts in the light of the argument on the petition for rehearing, there seems to be some uncertainty as to the indebtedness of the firm, and the value of the real and personal estate owned by the firm at the date of the death of Burgess, the findings of facts being unnecessarily long and

uncertain.   In view of such uncertainty justice will be best
subserved by modifying the mandate in the original opinion
by ordering a new trial instead of a restatement of the con-
clusions of law and the sustaining of appellants' motion. And
the mandate is hereby modified to that extent.

Judgment is reversed as to appellee Albert D. Burgess, at
his costs, with instructions to sustain appellants' motion for
a new trial, and for further proceedings in accordance with
this opinion, and the judgment is affirmed as to Zoradia
Hanvell.

Filed Feb. 26, 1890.