HUGHES ET AL. *v.* MCEWEN.

[72 South. 848.]

1. BILLS AND NOTES. *Construction. Maturity. Conflicting clauses. Time of maturity. Reasonable time.*

Where a promissory note read, "one year after date I promise to pay" a certain sum but also providing that, "It is understood and

agreed that this note is to be paid whenever" certain land of the maker should be sold, and a deed of trust securing such note provided that, "payment of the note is not to be made until the maker of the note has sold and collected for eighty acres or more of the land." In such case the note and the deed of trust are to be construed together and such note was not payable in one year after date, but when the contingency stated happened.

2. BILLS AND NOTES. *Construction. Time of maturity. Reasonable time.*

A purchase money note payable when a given part of the land purchased should be resold by the purchaser is payable after a reasonable time has elapsed for the making of such sale.

3. BILLS AND NOTES. *Maturity. Reasonable time.*

Where such note was not paid for four years, a sale under a deed of trust securing the note will not be enjoined on testimony showing that the debtor had made some effort to sell the land, but there was no showing that exceptional circumstances prevented the making of the sale during the four years.

APPEAL from the chancery court of Pike county.

HON. R. W. CUTRER, Chancellor.

Suit by Mrs. Lelia M. McEwen against L. D. Hughes and others. From a judgment for complainant, defendant appeals.

The facts are fully stated in the opinion of the court.

*E. D. Hewitt,* for appellant.

*Price & Price,* for appellee.

SYKES, J., delivered the opinion of the court.

The appellant L. D. Hughes, one of the defendants in the court below, on January 29, 1911, sold to Mrs. Lelia M. McEwen, the appellee in this court, a certain tract of land for a certain consideration, a part of which was paid in cash, the assumption of a deed of trust due the Union Bank, and a balance of one hundred and fifty dollars, for which a note was given by Mrs. McEwen, secured by a deed of trust on certain of the lands. The note reads as follows:

"One hundred and fifty dollars. Summit, Miss., Jan. 29th, 1911. One year after date I, we, or either of us, promise to pay to L. D. Hughes or bearer one hundred and fifty dollars for value received, with interest at the rate of ten per cent. per annum after date until paid. And in the event default is made in the payment of this note at maturity and it is placed in the hands of an attorney for collection, an additional amount of ten per cent. shall be added to the same as attorney's fees. The drawers and indorsers severally waive presentation for payment, protest and notice of protest for nonpayment of this note. Negotiable and payable at Union Bank of Pike, Summit, Miss. It is understood and agreed that this note is to be paid whenever eighty acres of land described in deed of trust to secure this paper is sold and paid for. Mrs. L. M. McEwen.''

It will be noted that the note in its beginning says that it is due one year after date, but that the last sentence in said note reads as follows:

"It is understood and agreed that this note is to be paid whenever eighty acres of land described in the deed of trust to secure this paper is sold and paid for."

The deed of trust contains this statement:

"This is a second mortgage to one held by Union Bank of Pike, and payment of note is not to be made until Mrs. McEwen has sold and collected for eighty acres or more of the land."

This note of one hundred and fifty dollars had not been satisfied on the second day of February, 1915, at which time Fred J. Martin, the trustee in the deed of trust, advertised the land for sale to satisfy this indebtedness. Mrs. McEwen filed a bill in the chancery court of Pike county seeking to enjoin the sale of the land to satisfy the note. In her bill she contends that the note is not due and will not become due until she has sold and collected the purchase money for eighty acres of this land. The chancellor issued a temporary injunction, and on the

final hearing made the same perpetual, from which judgment this appeal is prosecuted.

It is the contention of the appellant that the note is due one year after date, and that the last clause in the note simply means that if the land is sold and paid for before the expiration of one year, then the note will fall due at that time; that the certain date of payment, viz. one year after date, should control any ambiguous or uncertain clause either in the note or in the deed of trust as to the payment. The note and the deed of trust were executed at the same time, and should be considered together. While a consideration of the clause in the note alone might lead to the conclusion of the appellant, yet, when considered in connection with the clause in the deed of trust above quoted, it is quite plain that it was the intention of both parties to make the note payable after eighty acres of land had been sold and the purchase price of same paid.

The question then before the court is simply this: Construing the note and deed of trust together, there is a debt of one hundred and fifty dollars owing by the appellee to the appellant, but the payment of which is postponed to a future time and depends upon the happening of a future event, resting entirely within the discretion of the appellee, and which event the appellee may never cause to happen. In other words, taken literally, the appellee can defeat the payment of the debt due by her to the appellant by never selling the land. The debt is an absolute one, and is admitted by the appellee.

While there are some authorities to the contrary, the great weight of authority and the best-reasoned cases hold that in cases of this kind the debt becomes due absolutely within a reasonable time. In the case of *De-Wolfe* v. *French*, 51 Me. 420, it was held that where a debt is due absolutely, and the happening of a future event is fixed upon as a convenient time for payment merely, and the future event does not happen as con-

templated, the law implies a promise to pay within a reasonable time.

In *Sears v. Wright,* 24 Me. 278, where a note was payable—

"from the avails of the logs bought of M. M., when there is a sale made, it was held not payable upon a contingency, but absolutely, and when a reasonable time had elapsed to make sale of the logs, and that it was the duty of the maker to sell them. But whether it be logs to be sold or a farm can make no difference. The maker of the note is to make sale within a reasonable time to enable him to discharge his indebtedness."

The case of *Crooker* v. *Holmes,* 65 Me. 195, 20 Am. Rep. 687, is a case where there was a promise to pay two hundred dollars when a farm was sold. In that case the court held that the debt was due absolutely within a reasonable time. In the case at bar it will be noted that there was no provision to pay the one hundred and fifty dollars out of any particular fund, but it was a promise to pay absolutely when the land was sold and the proceeds of sale collected. The case of *Noland* v. *Bull,* decided by the supreme court of Oregon and reported in 24 Or. 479, 33 Pac. 983, is one where the plaintiff sold and conveyed to the defendant certain real property known as the Stephens ranch for an agreed price of two thousand dollars, of which one thousand, five hundred dollars was paid in cash, and the balance of five hundred dollars was to be paid when the defendant sold the said ranch. After waiting seven years the plaintiff brought suit, and that court held that the agreement was in effect to pay the five hundred dollars within a reasonable time, and that the seven years which had elapsed prior to the commencement of the suit constituted a reasonable time. The court in part says:

"The five hundred dollars was an existing indebtedness at the time the agreement was executed by the defendant and accepted by the plaintiff, the effect of which agreement was to postpone or defer the time of payment

of an already due and existing debt to an uncertain date depending upon the accomplishment of a specified transaction, viz., the sale of the Stephens ranch at a price mentioned. Where there is a present debt then due, constituting the basis of an agreement, which merely postpones the time of its payment to an uncertain future date, when a certain specified transaction shall be accomplished, the agreement is to pay within a reasonable time, whether such transaction is accomplished or not.''

In the case of *Nunez* v. *Dautel,* 19 Wall. 562, 22 L. Ed. 161, there was an agreement "to pay as soon as the crop can be sold or the money raised from any other source.'' It was there held payable within a reasonable time. The court says in its opinion:

"It could not have been the intention of the parties that if the crop were destroyed, or from any other cause could never be sold, and the defendants could not procure the money from any other source, the debt should never be paid. Such a result would be a mockery of justice.''

In the case of *Randall* v. *Johnson,* 59 Miss. 317, 42 Am. Rep. 365, the note provided for its payment ninety days after the first return trip of the schooner Mary Bloom. The schooner was lost at sea. The court held that the money became payable ninety days after the expiration of the period of time usually required for a return trip of the schooner. In conclusion this opinion says:

"It would be a 'mockery of justice' to hold that, because the schooner was lost at sea, and, therefore, had not made her first return trip, the appellee lost his debt.''

It would be inequitable and unjust to hold that the appellee has it within her power to defeat the payment of this note by failing to make a sale of the land. It was her duty to have sold the same within a reasonable time.

The only question which remains is whether or not she had had a reasonable time to make this sale before the trustee advertised the land under the deed of trust. This note is dated the 29th day of January, 1911. The trustee

advertised the same for sale on the 2d day of February, 1915. A period of 4 years had elapsed between the date of the note and the date of the advertisement.

The testimony in the case shows that the appellee had made some effort to sell the land. There is no showing, however, that there were any exceptional circumstances which prevented her from making the sale during the above period of time. We are therefore of the opinion that the appellee has had a reasonable time within which to sell this land, and that the note was due at the time of the date of the advertisement of sale by the trustee.

It therefore follows that the judgment of the lower court is reversed, the injunction dissolved, and the bill dismissed.

*Reversed.*