## UPTON *v.* ADCOCK.[*]

(Division B.   Jan. 3, 1927.)

[110 So. 774.   No. 26083.]

1. CONTRACTS. *Suit cannot be brought on contract for personal services for one year until after expiration of year; where contract for personal services is breached, party should reduce damages as far as reasonably possible.*

   Where a party sues for damages for the breach of a written contract for personal services providing for one cent per pound for all cotton grown upon a place during a named year as compensation, and who, after the contract has been breached, engages in other business, the profits of which are uncertain, he cannot sue upon such contract until after the expiration of the year, because the damages cannot be ascertained. It is the duty of the agent in such case to reduce his damages as far as reasonably possible, and the amount of such reduction is unknown until the end of the year.

2. CONTRACTS. *Party suing on contract for personal services cannot recover on evidence showing another contract; party must stand on pleadings, and cannot recover on another contract not declared on.*

   A party who sues on a contract as outlined in the preceding syllabus cannot recover on evidence showing the employer agreed to a contract for a given sum in case a trade is made by which the premises are conveyed, and such trade is made. The party must stand upon his pleadings, and cannot recover on another contract not declared on.

[*]Corpus Juris-Cyc. References: Contracts 13CJ, p. 700, n. 58 New; p. 748, n. 56; Damages, 17CJ, p. 775, n. 48, 50. Misrepresentations as to the value of real property as grounds for rescission of contract, see 27 R. C. L. 377.

APPEAL from circuit court of Covington county.

HON. W. L. CRANFORD, Judge.

Action by M. M. Adcock against C. W. Upton on a contract. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

*Sennett Conner,* for appellant.

The court below should have sustained defendant's motion to exclude the testimony and instruct the jury to return a verdict for the defendant, because the compensation specified in the contract sued upon cannot be ascertained reasonably by calculation, and the damages sought to be recovered are too speculative, indefinite and uncertain to support a verdict in favor of the plaintiff for any amount whatsoever.

This court has uniformly followed the rule laid down in *V. & M. R. R. Co.* v. *Ragsdale,* 46 Miss. 458. In the case at bar the compensation under the contract sued upon must be determined by the amount of cotton grown on the farm under the management of appellee, and upon that calculation must be based the estimate of the damages suffered by appellee, if any.

The instructed verdict should have been entered for appellant because there was no evidence offered by appellee upon which the jury could base a calculation of damages. This is aside from the inherent uncertainty and impossibility of such a calculation. See *Crystal Ice Co.* v. *Holliday,* 64 So. 658.

An estimate of what an ice company could or might have made was also held insufficient as a basis for the calculation of profits and recovery of damages in *Y. & M. V. R. R. Co.* v. *Consumers Ice & Power Co.,* 67 So. 657. This rule is recognized and adhered to in *American Oil Co.* v. *Byrd,* 102 So. 542, and *Lumber & Mineral Co.* v. *Ramshur,* 54 So. 313.

*W. U. Corley,* for appellee.

According to appellee's contention, which is not directly denied by appellant himself, it was estimated that the year's salary would be one thousand dollars. The instructions of the court and the argument of the counsel to the jury was that appellee must use due diligence

to lessen his damages. The preponderance of the evidence is that he would be entitled to one thousand dollars; that he had good patches of cotton in different places and would make seven bales valued at seven hundred dollars; that he made some corn; and if the jury was summoned before this court today, they would say that Adcock was entitled to receive his one thousand dollars, less his seven hundred dollars for his own cotton and one hundred dollars for his miscellaneous work and the two hundred dollars adjustment to make up the difference. If that is not a fair, sensible and just verdict, we are unable to conceive of one that would be.

Counsel cites numerous cases, including the Ragsdale case and the ice company cases, none of which are applicable here for the reason that in those cases everything was uncertain and indefinite.

It will be noted, too, that the jury had the testimony that appellant agreed to pay appellee his one thousand dollars when the land sale was consummated. The jury had knowledge that two hundred bales was the average crop and they had his agreement that he would pay the one thousand dollars if he would put the deal through. The sale was made, the deeds executed, delivered and recorded, and appellant refused to do anything.

The evidence in this case is ample to justify the verdict reached.

ETHRIDGE, J., delivered the opinion of the court.

The appellant and appellee, on the 5th day of September, 1925, entered into a contract for the appellee to manage and control the plantation of appellant for a compensation of one cent per pound for all lint cotton raised on the place. The contract in full reads as follows:

"Article of agreement.—Entered into by and between C. W. Upton, party of the first part, and M. M. Adcock, party of the second part, whereupon the said C. W. Upton agrees to turn over to the said M. M. Adcock his

entire farm known as the Morris Kervin place, situated in district No. 1 of Covington county, Miss., for the year 1926, and to equip same with sufficient tools, stock, and feed to cultivate, and houses, wells, etc., to accommodate renters sufficient to cultivate the entire place, the said M. M. Adcock to have entire and exclusive charge and control of the place for the year 1926. The said M. M. Adcock, as party of the second part, does hereby agree to have the entire place cultivated and the terraces kept in good repair, and to turn over to C. W. Upton or his agent all of his part of the crop at Seminary, Miss., or at the said farm, as requested by C. W. Upton, or his agent. And the said M. M. Adcock is to receive as pay in full one cent per pound for all lint cotton raised on the place and the said M. M. Adcock is to put one-half of his time looking after said farm during the year 1926.

"Witness our signatures this the 5th day of September, 1925.

"C. W. UPTON.

"M. M. ADCOCK."

Subsequent to the execution of this contract, and after M. M. Adcock had entered into the performance of the contract, the appellant sold the place to a brother of the appellee, the appellee acting as an intermediary for the two parties in the sale of said place. After the sale was made to W. T. Adcock, the brother of appellee, the appellant contended that he had been fraudulently induced to make said contract of sale to W. T. Adcock, and brought suit for rescission in the chancery court, which resulted in a decree rescinding the contract.

The present suit was filed shortly after the institution of the suit for rescission (110 So. 772), between appellant and W. T. Adcock, the brother of the plaintiff in this case. The suit by the plaintiff in the present case was for breach of the contract above set out, and was filed on the 24th day of March, 1926, and resulted in a verdict and judgment for the plaintiff in the sum of

two hundred dollars, from which the defendant appeals here.

The plaintiff, M. M. Adcock, testified on the trial of the case that he negotiated the deal between his brother and the appellant; that he induced the appellant to sell the place on which he was superintendent to his brother; and that the appellant agreed that, if he would make the sale, he would pay him one thousand dollars. The plaintiff also introduced evidence to show what the average crop of cotton would be upon the place which he was employed to manage, if cultivated and well mangaed. It was estimated that it would average about two hundred bales of cotton of five hundred pounds weight each, which would entitle him to one thousand dollars. This was objected to, overruled, and exceptions taken.

Plaintiff, on cross-examination, testified that at the time of the trial there was no way to tell what crop would be produced upon the place; that it would depend upon a number of different elements, including the weather, and skill or good judgment used in cultivating it. He further testified that, after the sale by the appellant to his brother, he was cultivating a crop, but of course, the amount he would derive from the cultivation of this crop was then unknown. At the conclusion of the plaintiff's evidence the appellant moved to strike out the evidence and grant a directed verdict for the appellant for a number of reasons: First, because the suit was prematurely brought; and, second, because the suit was on a written contract, and, if the plaintiff suffered any damages whatever, these damages were purely speculative, and, according to the testimony of the plaintiff himself, it was impossible for any one to estimate with any degree of certainty or reason what the damages would be. This motion was overruled. The defendant testified that when he sold the place to W. T. Adcock it was agreed that the plaintiff, M. M. Adcock, would take the same position with his brother, on the same terms of the contract that he had with the appellant. He denied that he

agreed to pay the plaintiff one thousand dollars, or any sum. At the conclusion of the whole case the defendant requested a peremptory instruction to find for the defendant, which was refused.

It will be seen from the contract that it was one for the personal services of the plaintiff, and that his compensation was specifically fixed at one cent per pound for each pound of lint cotton produced by the plaintiff on the place for the year 1926; that the year was not completed, and the crops were not made and gathered to disclose the amount of cotton produced; and, furthermore, that the plaintiff had engaged in other business; and that the amount he would derive from such business could not then be ascertained. It is not a case where, upon the breach of a contract by an employer, the employee has secured another contract for the same period of time, but at a less rate of pay. The amount of plaintiff's compensation, if he relies upon the contract sued or declared upon, must be governed by the terms of the contract. It will also be seen by his own testimony that he admitted that he made the contract under which the said premises were sold to his brother, for which he was to receive a fixed definite sum, if his theory be true. This was not declared on in the declaration, and the plaintiff's testimony does not support the theory of the case set up in his declaration. Under the law it is the duty of a party holding a contract for personal services, which is breached by the other party to the contract, to secure other employment, thereby reducing the damages that otherwise would be suffered by him. *Birdsong* v. *Ellis,* 62 Miss. 418; *Lee* v. *Hampton,* 79 Miss. 321, 30 So. 721; Miss. Digest Ann. title "Master and Servant," sections 41 and 42; also First Dec. Dig. title "Master and Servant," section 42.

It follows from this that the suit was prematurely brought in the form in which the declaration was made; and, further, that the testimony of the plaintiff shows a different contract from the one he sued upon. Conse-

378        U. S. Fid. & Guar. Co. *v.* Yazoo Co. [Sup. Ct.

Syllabus.                                    [145 Miss.

quently the motion to strike out the evidence and find for the plaintiff should have been sustained upon the ground that the suit was prematurely brought. The plaintiff, however, could have amended, should this motion have been sustained, and declared upon the agreement claimed by him to have been made at the time of the sale of the place to his brother by the appellant. Consequently the judgment of the lower court will be reversed, and the cause remanded with leave to amend the declaration so as to declare upon the other contract. Otherwise the suit will be dismissed without prejudice to the right to file a new suit on the contract after the expiration of 1926.

*Reversed and remanded.*