GRECO *v.* LUTRICK.

Division B. Nov. 26, 1951.

No. 38122 (55 So. (2d) 139)

H. Chalmers Alexander, for appellant.

598

Henry Edmonds, for appellee.

600

**Alexander, J.**

Appellant entered into an agreement with appellee, doing business as the Lutrick Plans Service, whereby the latter agreed to furnish plans and specifications for the erecting of a commercial building to be used by appellant. Under this agreement the appellant paid a retainer fee of one hundred dollars, which was to be credited upon a total charge of 3% of the lowest and best contractor's bid received for the actual construction of the building.

There is no contention that the plans and specifications were not drawn in compliance with the agreement. The lowest and best bid received for construction under the specifications was $23,276. There was a further credit of two hundred dollars paid for appellant's account. Appellant did not let the contract at the bid stated or at any bid, and after the plans had been completed and delivered, and a year had elapsed, during which time appellee made repeated demand for payment without success, suit was brought by appellee for the balance alleged to be due under the agreement. This amount was

$398.28 which represents 3% of the lowest bid submitted, less credits totaling three hundred dollars.

Pleas by the defendant interpose defenses based upon the alleged conditional aspect of the contract which contemplated that the architect's fees were to be based upon the cost of construction by a third person and that the defendant had not undertaken to build and had not accepted any of the bids submitted, and that, therefore, there was no definite basis for computing the fees upon a contract that had not been let. Also, that the appellant was not financially able to arrange for the proposed construction. A second plea raised the point that the declaration was in two counts, the first in contract and the second in a common count in assumpsit upon the basis of quantum meruit. See 6 C. J. S., Architects, Sec. 20 (a).

The alleged inconsistency between the two counts was not pressed by motion or otherwise and the cause proceeded to trial upon the declaration and answer or plea. There was a judgment for the plaintiff, appellee, in the county court for $398.28, with legal interest after September 29, 1949, the approximate date on which suit was filed. From a judgment of affirmance by the circuit court, this appeal is taken.

Appellant cites, for support of his contention, Upton v. Adcock, 145 Miss. 372, 110 So. 774. In the cited case, payment for personal services was agreed to be paid upon the basis of one cent a pound for cotton grown during a named year. Suit was brought before expiration of the year. It was decided only that such action was premature and the case was dismissed without prejudice.

This appeal is properly to be decided upon the principle illustrated in Hughes v. McEwen, 112 Miss. 35, 72 So. 848, L. R. A. 1917B, 1048, where it was held that where payment is to be made upon a condition under the control of the promisor, an action may be brought within a reasonable time. See 6 C. J. S., Architects, Sec. 20(b); 12 Am. Jur., Contracts, Section 329.

The issues of reasonable time and of quantum of recovery were submitted for the decision of the trial judge without a jury and his findings are supported by the testimony.

Affirmed.

**Hall, J.**, took no part in the decision of this case.