LEE AND KRIZMAN D/B/A LEE AND KRIZMAN REALTY
*v.* BOSSUNG ET AL.

[No. 18,791. Filed December 14, 1956. (Rehearing denied January 22, 1957, and denial set aside January 31, 1957.)
Rehearing denied February 1, 1957. Transfer denied
May 7, 1957.]

*Hamacher & Carroll*, of Crown Point, for appellants.

*John R. Lynch*, of Lafayette, for appellees.

CRUMPACKER, J.—The appellants are duly licensed real estate brokers doing business as a partnership in the city of Hammond, Indiana. On March 1, 1952, the appellees were the owners of certain real estate in Lake

County, Indiana, known as the Prague Motel which they desired to sell. To that end, on said date, they entered into a contract with the appellants of the following import:

"TO LEE & KRIZMAN REALTY
For and in consideration of your services rendered, Listing for Sale and in undertaking to sell, or to find a purchaser for our property, we do hereby appoint you exclusive agent, and as such empower in you the right to sell the Real Estate located at Routes 8 & 41, Lake County, Ind. Price $43,500, all cash and you are hereby authorized to accept a deposit and hold same and to apply the amount on the purchase price and to execute a contract of sale in our behalf. And, in case the above described property is sold, traded or in any other way disposed of either by us or anyone else within the time specified herein, it is agreed to, and understood at the time of signing this listing Contract that you shall receive from the sale or trade of this property as your commission payable on demand of 5% on the purchase price. And, should this property be sold or traded to party (or parties) who have been negotiating with you on the sale or trade of this property within ninety days after the withdrawal of this Listing Contract, the above commission shall become due and payable on demand.
We do agree to furnish a certification of title brought up-to-date showing a good merchantable title of record, and do further agree to convey by good and sufficient warranty deed, or guaranteed title upon payment in full. This listing Contract shall continue until May 1, 1952."

This contract was executed on behalf of the appellants by M. Krizman and on behalf of the appellees by Alfred Bossung. Subsequently and by mutual agreement the expiration date thereof was extended to July 30, 1952. The appellants were unable to negotiate a sale of the property for $43,500 cash but succeeded in interesting a Mr. and Mrs. Neely in its purchase provided it could be acquired for $36,000 payable $5,000

on or before August 15, 1952, $11,000 on or before November 15, 1952, and the balance in monthly installments of $275, together with interest at 6%, until a total of $20,000 had been paid upon the principal at which time they should receive a deed and assume payment of an existing mortgage on the property in the sum of $16,000. This proposition was reduced to writing and submitted to the appellees who were reluctant to accept it but finally did so on July 22, 1952, after considerable persuasion by the appellants and an agreement on their part to reduce their commission from $1,800, as provided in the listing contract to $1,500. The deal was consummated on August 11, 1952, at which time the Neelys and the appellees formally executed a contract for the sale and purchase of said real estate in substantial compliance with the Neelys' offer. On that date the Neelys made a down payment of $5,000 out of which the appellants retained $300 to apply on their commission and the balance of $4,700 was paid to appellees. On the same day the following instrument was executed:

"Agreement to pay Real Estate Commission

"I, Loretta Bossung, do hereby agree and promise to pay to Lee & Krizman Realty, Highland, Indiana, the sum of Twelve Hundred ($1,200.00) Dollars at the time that Mr. and Mrs. Neely make the payment of $11,000.00 as provided in their Contract of Purchase dated this date, which payment is due on or before November 15, 1952. Said $1,200.00 is the balance of the Real Estate Commission of $1500.00 which was Lee & Krizman's Commission on the said Sale.

/s/ Loretta Bossung
/s/ Alfred Bossung"

The Neelys went into possession of the property under the terms of their contract but failed to make the payment of $11,000 due November 15, 1952, and

shortly thereafter abandoned said property and the appellees reentered retaining the $5,000 down payment as forfeited under the terms of the contract.

Feeling that they had earned a real estate sales commission in the sum of $1,200 by reason of the transactions outlined above the appellants brought this suit to recover the same. The appellees defended on two theories: (1) That under the terms of the listing contract of March 1, 1952, the appellants were entitled to a commission only in the event they sold the property involved for $43,500 cash; and (2) that the original listing contract of March 1, 1952, was modified by the "Agreement to pay Real Estate Commission" of August 11, 1952, according to the terms of which the right of the appellants to the balance of their commission in the sum of $1,200 was contingent upon payment by the Neelys of $11,000 on November 15, 1952, which payment was not and never will be made. These two theories of defense were embodied in separate paragraphs of answer designated as II and V to which separate demurrers for want of facts were addressed. These demurrers were each overruled and errors assigned in that particular. Clearly Paragraph II of the answer is bad. The complaint does not seek recovery of a commission on the theory that the appellants sold the property involved for $43,500 cash but rather the appellants' case is founded upon the alternative provision of the listing contract of March 1, 1952, which provides for a commission to the appellants if they find a purchaser to whom the appellees make a sale upon terms acceptable to them.

In reference to Paragraph V of the answer, it is our opinion that the complaint pleads facts showing the execution of a real estate broker's contract under the terms of which the appellants earned the commission therein provided payable on de-

mand. The answer shows the modification of the original contract by a memorandum in writing, signed by the party to be charged, whereby the appellants' commission was reduced and made payable when the purchasers of the property involved made "the payment of $11,000 as provided in their contract of purchase . . . which payment is due on or before November 15, 1952." The answer then alleges that the $11,000 payment was not and never will be made by the purchasers and therefore the appellees owe the appellants nothing.

Construing these pleadings together we think it is apparent, assuming the facts pleaded to be true, that the appellants had earned the commission provided by the modified contract and the happening of a future event was fixed upon merely as a convenient time for the appellees to make payment thereof. Under such circumstances if the future event does not or cannot happen as contemplated, the law implies a promise to pay within a reasonable time. 10 C. J. S., Bills and Notes, §245, p. 740; *Sears* v. *Wright* (1844), 24 Me. 278; 8 C. J., p. 413, Note 36.

Thus we are constrained to hold that both paragraphs II and V of the answer are bad and the demurrers to each should have been sustained. In overruling such demurrers the court adjudged the facts pleaded therein to be a bar to the appellants' action whereas, in law, they were no defense whatever. This was error. *Scott* v. *Stetler* (1891), 128 Ind. 385, 27 N. E. 721; *Walling* v. *Burgess* (1890), 122 Ind. 299, 22 N. E. 419, 23 N. E. 1076; *Gregory* v. *Arms* (1911), 48 Ind. App. 562, 96 N. E. 196. Such error can be considered harmless only when the verdict is against the truth of the facts alleged in such answer or it appears that the verdict was against the plaintiff, not because of any defense set up in the answer, but because he failed to prove the averments of

his complaint. *Cooper* v. *Jackson* (1885), 99 Ind. 566; *Ladoga Can Co.* v. *Corydon Can Co.* (1912), 52 Ind. App. 23, 98 N. E. 849; *Souders* v. *Jeffries* (1884), 98 Ind. 31; *Haas* v. *The City of Evansville* (1898), 20 Ind. App. 482, 50 N. E. 46, 51 N. E. 105. The present record reveals neither situation.

The appellees insist nevertheless on the affirmance of the judgment and in justification thereof assigned cross-errors in the following particulars: (1) The court erred in overruling their separate demurrers to the appellants' complaint; and (2) the court erred in refusing their tendered instructions 1, 3, 4, 5 and 6. In reference to the demurrers, the complaint pleads a duly executed contract under the terms of which the appellees agreed to pay the appellants a commission of 5% of the sale price of certain real estate therein described payable on demand in the event the appellants find a buyer to whom the appellees make a sale at a price and upon terms mutually agreeable. It alleges facts showing the performance of said contract by the appellants, a sale of the property to a buyer produced by the appellants for $36,000 upon terms accepted by the appellees, a demand for the commission and the refusal of payment. In our opinion the complaint is impervious to a demurrer for want of facts.

As to the instructions tendered by the appellees and refused by the court, instruction No. 1 directed a verdict for the appellees. It would have been proper if the appellants' commission had been wholly contingent upon the payment by the purchaser of $11,000 on November 15, 1952, but, as we have said such a commission was payable, under the law applicable to the facts, a reasonable time after November 15, 1952, and therefore the instruction was properly refused. Instruction No. 3 in effect would have told the jury, if given, that the appellants were not entitled

to recover unless they produced a buyer who paid the appellees $43,500 cash for the property involved. The appellants' right to a commission was not solely contingent on such a situation and the instruction was properly refused. Instruction Nos. 4, 5 and 6 were drawn on the theory that if the jury finds that the purchaser of the property involved has never paid the $11,000 due November 15, 1952, their verdict should be for the appellees. As we have said such facts alone constitute no defense to this action and these instructions also were properly refused.

We find no cross-error and the judgment is therefore reversed with instructions to sustain appellants' motion for a new trial.

Bowen, C. J. and Kelley, P. J. not participating.

### CONCURRING AND DISSENTING OPINION

ROYSE, J.—I am inclined to agree with the opinion of Judge Crumpacker as to Paragraph 2 of the answer of appellees in this case. However, I have a different view as to Paragraph 5 of said answer. Certainly the parties had a right to amend their original contract and provide that the payment of the full commission was contingent upon the payment by Neelys of the $11,000. (I agree that in the absence of any such agreement and where the time of payment was based on the happening of a future event, if such event does not happen the law imposes a promise to pay within a reasonable time.) However, in my opinion this paragraph of answer alleged that appellants agreed to make the payment of the full commission contingent upon the payment of the $11,000. It also averred that appellants retained only $300 out of the first payment of $5,000 as a partial payment of their commission. On the record before us the parties hereto regarded this paragraph as making said payment contingent upon

the payment of the $11,000, because each introduced evidence on this subject. The evidence at the trial is in sharp conflict on this question.

I do not think it necessary or proper to consider these two paragraphs of answer together.

I believe there is ground for reversal because of the overruling of the demurrer to the 2nd paragraph of answer.

NOTE.—Reported in 138 N. E. 2d 913.

Transfer denied, Achor, C. J. dissents (without opinion.)