PER CURIAM.
The sole question involved on this appeal is the effect of the below underlined terms contained in a promissory note:
The total principal amount shall become payable on October 1, 1977, or the date of the funding of the permanent mortgage whichever occurs last, to be paid only in the event that the permanent mortgage financing for a permanent mortgage loan to Rvmach Development is hereafter closed. . . .
It is undisputed that Rymach Development never obtained a permanent mortgage loan and that the failure to obtain it was through no fault of the maker-appellee.
The appellant contends that the above quoted terms were inserted in the note merely to set a time for payment, and that *607 the failure of the condition to occur mandates a holding that payment shall be within a reasonable time. See, Lee v. Bossung, 127 Ind.App. 388, 138 N.E.2d 913 (Ind.1956); Hughes v. McEwen, 112 Miss. 35, 72 So. 848 (Miss.1916); Richards v. Tavares, 105 Cal.App. 261, 287 P. 552 (Cal.1930). The appel-lee argues that the requirement of obtaining a permanent mortgage loan is a condition precedent to the obligation to pay, and because the condition never occurred, there is no obligation.
The intention of the parties was a question of fact which was resolved by the trial court upon the presentation of substantial competent evidence. We may not substitute our judgment for that of the trier of fact.
AFFIRMED.
MOORE, GLICKSTEIN and HURLEY, JJ., concur.