HUSTON vs. THE CITY OF FORT ATKINSON.

*November 27 — December 12, 1882.*

*Cities — Streets.*

In the absence of any provision to the contrary in its charter, a city
may take stones or other material from one street for the purpose
of repairing another street therein.

APPEAL from the Circuit Court for *Jefferson* County.

The substance of the pleadings will appear from the opinion. A jury having been waived the cause was tried by the court, which found, as facts, that the defendant, by its agents and servants thereunto directed, entered upon the street in question " and there dug, quarried, took, and carried away 500 square feet of stone of the value of $50; that said stone were not taken from the ground for the purpose of improving or repairing said street, nor did the removal thereof improve or repair the same, but they were taken by a street commissioner of said city, by authority of said city, solely for the purpose of use on other and distant streets in said city, and the same were used by the defendant in the repair of other and distant streets therein; that said stone before removal were deeply imbedded in the earth, and after the removal of the same pits six feet deep and several feet square were left in the surface of the ground where the same were taken out, which pits were subsequently filled up by said city; that the plaintiff has sustained damage in consequence of the digging and removal of said stone in the sum of $50." As a conclusion of law the court held that the defendant had the right to dig and take away said stone to use in the improvement and repair of other streets in said city, and that in so doing it incurred no liability. From a judgment accordingly, dismissing the complaint, the plaintiff appealed.

The cause was submitted for the appellant on the brief of *L. B. & C. A. Caswell.* They argued, among other things,

that it is well settled in this state that the owners of land or lots adjoining a street or highway own the fee to the center of such street or highway. *Mariner v. Schulte*, 13 Wis., 692; *Pettibone v. Hamilton*, 40 id., 402; *Goodall v. Milwaukee*, 5 id., 32; 7 id., 85. There is no statute governing this case. The owner, therefore, has the exclusive right in the soil for every purpose of use or profit, not inconsistent with the public easement, and may maintain appropriate actions for encroachments upon it. Dillon on Munic. Corp. (3d ed.), sec. 633. The defendant had no right to take the stone for any purpose. They were, not taken from the ground to improve the street where taken, nor was it necessary that they should ever be disturbed. They formed no part of the highway. They were, moreover, valuable property, and not such material as in commonly used for leveling and improving highways. The testimony shows that they were such stone as window-caps, water-tables, etc., were made from, and such as were measured and sold by the square foot and not by the cord; that they lay in the ground "close on top of each other;" and that one stone taken was fourteen or sixteen feet long and eight feet wide. Some authorities hold that material which must be moved for the purpose of improving the way, may be taken, after removal, to other and distant streets and be used in improving them. Other cases hold that the city has no right to take the material from the premises; that the title thereto is in the owner of the land and that it can be used only in improving the street where found. *Delphi v. Evans*, 36 Ind., 90; *Indianapolis v. Miller*, 27 id., 394; *Overman v. May*, 35 Iowa, 89; *Smith v. Rome*, 19 Ga., 89; *Adams v. Emerson*, 6 Pick., 57; *Tucker v. Eldred*, 6 R. I., 404; *Goodtitle v. Alker*, 1 Bur., 143; *Lade v. Shepherd*, 2 Stra., 1004. This case, however, does not come within either of those classes, because the removal of the stone was wholly unnecessary, and did not improve the street. Besides, the authorities are uniform that quarries, mines, etc.,

are not included in the grant of such easements, but are reserved to the owner of the land. Washb. on Easements (2d ed.), 214; *Jackson v. Hathaway*, 15 Johns., 447; *Peck v. Smith*, 1 Conn., 103; 6 Pet., 513; *Bliss v. Ball*, 99 Mass., 597; *Adams v. Emerson*, 6 Pick., 57; *Goodtitle v. Alker*, 1 Bur., 143.

*W. H. Rogers*, for the respondent.

TAYLOR, J. The appellant brought an action against the respondent, the *City of Fort Atkinson*, for trespass for digging up and removing a quantity of stones from a public street opposite her lot, and between the center of such street and the appellant's land. The city justifies by alleging that the place where the stones were dug and from which they were removed was within the limits of one of the public streets of said city, and that said stones were dug up, removed, and used for the purpose of repairing another public street in said city at some distance from the street from which they were taken.

The sole question on this appeal is this: Had the city the right to take material from one street in the city for the purpose of repairing another street therein? This is the sole question, as there is no allegation in the complaint that the appellant was injured in any other way than by the removal of the stones.

We think that this question must be answered in the affirmative, both upon authority and upon the construction of the statutes of this state. *Bissell v. Collins*, 28 Mich., 277; *Aldrich v. Drury*, 8 R. I., 554; *New Haven v. Sergent*, 38 Conn., 50. In the Michigan case the court say: "We would not assent to the doctrine that a city, in improving a street, may not take the natural material found within its limits suitable for the purpose, and distribute it in making improvements as the authorities deem best." The same language, in substance, was held in the case of *New Haven v. Sergent*.

In the case of *Aldrich v. Drury* it was held that a railroad company might use the materials taken from the land of one man in grading their road-bed for the purpose of making embankments on the land of another on the line of the road, but the company would have no right to sell such materials to persons who used it for purposes not connected with the railroad. The same doctrine was held by the supreme courts of Iowa and New Hampshire. See *Henry v. Dubuque & Pacific Railroad Co.*, 2 Clarke, 288, 301, 302; *Chapin v. The Sullivan R. R. Co.*, 39 N. H., 564.

But, independent of any authorities depending upon general principles, it would seem that our statute is conclusive upon the subject. The last clause of sec. 1236, R. S. 1878, reads as follows: " In case there shall be within the limits of the highway, in any road district, any stone, gravel or sand suitable for the improvement of any highway, the same may be taken to improve any highway in an adjoining road district; but the consent, in writing, of the overseer of such first-named district shall be first obtained therefor." This section gives the right to use the materials found within the limits of a highway to improve other highways in the same town, and perhaps in another town, when the road district from which the material is taken adjoins a road district in an adjoining town, and it clearly implies that the overseer of highways of the district in which the material is situate is the only one to be consulted as to the propriety of removing the material out of his district. And there is a clear implication that such overseer has the right to use the same for the repair of the roads within his district. This right to use the materials found within the limits of a highway for the repair of other highways, is one of the rights acquired by the taking of the lands for highway purposes, and is surrendered to the public by the owner when the lands are so taken for public use, and the compensation he receives includes compensation for

such use of the materials found within the limits of the highway. .

Sec. 1341, R. S. 1878, expressly reserves to the owner of the land, over which a highway is laid out and opened, the trees standing and lying thereon; subject, however, to the right of the public to use such of them as may be required to make or repair the highways or bridges on the same land, or within a mile of the same. This section is a clear indication that what is not reserved to the owner the public may use for the repair of its highways. Sec. 1347, R. S. 1878, is as follows: "The provisions of this chapter shall extend to all parts of the state, except where special provisions inconsistent therewith have been or shall be made by law, in relation to particular counties, towns, cities or villages." It does not appear that the city charter of the respondent has any provisions inconsistent with the part of sec. 1236 above quoted, and that part of said section applies, therefore,. to the streets of said city. This court has repeatedly held that the provisions of this chapter do apply to cities, and the streets thereof, in the absence of provisions in their charters inconsistent with them. *Kittredge v. City of Milwaukee*, 26 Wis., 46; *Harper v. City of Milwaukee*, 30 Wis., 365; *City of Ripon v. Bittel*, 30 Wis., 614–617; *Hincks v. City of Milwaukee*, 46 Wis., 559–567.

We think it very clear that the city had the right to use the stone in question, in the repair of any of the public streets of the city, and was not, therefore, liable to the plaintiff for their value.

*By the Court.*— The judgment of the circuit court is affirmed.