## HAAS v. THE CITY OF EVANSVILLE.

[No. 2,445.   Filed April 19. 1898.   Rehearing denied June 28, 1898.]

STREETS.—*Rights of Public.—Municipal Corporations.*—The rights of the public in a city street are greater than in an ordinary country highway.  *p. 486.*

SAME.—*Rights of Abutting Property Owners.—Removal of Soil from Street.—Municipal Corporations.*—A city can remove the natural soil from a street and use it upon another street only when the improvement of the two streets is embraced in one and the same general plan of improvement.  *p. 486.*

SAME.—*Rights of Abutting Property Owners.— Removal of Soil from Street.—Municipal Corporations.*—An abutting property owner who owns the fee of the street has the right to the surplus soil in excavations for the improvement of such street; but he must take possession thereof, or show a legal excuse for not doing so, and upon his failure to remove same within a reasonable time the city may treat it as abandoned, and use it in the improvement of other streets.  *pp. 486-489.*

PRACTICE.—*Intermediate Errors.*—Overruling a demurrer to a bad paragraph of answer is not reversible error, where it is shown from the findings that plaintiff did not fail to recover because of any defense set up in the answer, but because of failure to prove his complaint.  *pp. 489, 490.*

APPEAL AND ERROR.— *Rehearing.— Transfer to Supreme Court.—* After a case has been argued and decided solely upon its merits, a constitutional question cannot be raised upon a petition for a rehearing for the purpose of having the case transferred to the Supreme Court.  *pp. 490, 491.*

SAME.—*Rehearing.*—Questions not urged in argument before the

decision of the cause will not be considered after a rehearing has been granted on other grounds.  *p. 491.*

From the Vanderburgh Superior Court.  *Affirmed.*

*J. E. Williamson* and *W. W. Ireland,* for appellant.

*D. C. Givens,* for appellee.

ROBINSON, C. J.—Appellant sued appellee for the value of certain gravel, earth and stone alleged to have been taken by appellee from certain streets in said city and converted to appellee's use.  Appellee answered admitting the taking, and pleading facts in justification.  A demurrer to this answer was overruled, and a demurrer to the reply sustained.  These rulings are assigned as error, and are first discussed by counsel, but as the same questions are presented by the special finding they will be considered in that connection.

So far as necessary to determine the questions raised, the special finding shows that appellee contracted for the improvement of a portion of First street according to certain plans and specifications, the cost of the improvement to be assessed against abutting real estate, except street and alley intersections; by the specifications, the stone, earth and gravel on the street were to be removed by the contractor to places to be designated by the city officers, except that all the earth claimed by the property owners should be deposited where directed by them.  The price paid the contractor for the improvement included the cost of hauling all the material and substance excavated from the street.  Before the commencement of the work appellant notified the contractors and board of public works of appellee to haul the materials taken from First street and deposit the same upon certain lots designated, which demand was refused, the city claiming the right to use the gravel upon other streets

and stating its intention to so use the same; that in improving First street it was necessary to remove such material; that at the time said improvement was made certain other streets were in need of repair and said contractors by the direction of the board of public works, refused to deliver said gravel to appellant, but placed the same on such other streets needing repair; that no order or resolution had been made by the common council or said board for the repair of these streets, and the repairs thereof did not form a part of the general plan for the improvement of said First street; that appellant did not offer to remove or haul away any of said material, and the only demand ever made was to have the same hauled and delivered on appellant's premises; that the whole or the greater part of the earth excavated in said street was delivered by the contractors to appellant as demanded; that throughout the progress of said improvement appellee . had exclusive possession of said street and material, and was in the possession of said gravel from the time it was excavated until deposited in other streets; that before bringing suit appellant demanded the gravel which was refused.

Conceding, without deciding, that the title to the material in question was in appellant, the question presented is, what right or title, as against the city, has an abutting property owner on a public street in a city to surplus earth and gravel and other materials excavated from the street in front of such property for the purpose of improving such street. It is well settled that, the other conditions being the same, the rule of law applicable to the taking of material solely to obtain material to be used elsewhere, and not for the purpose of grading or improving the place from which it is taken, is not applicable to cases where the ma-

terial is taken for the express purpose of grading or improving the street at that point.

The case of *Anderson* v. *Bement*, 13 Ind. App. 248, cited by appellant's counsel, was an action against a road supervisor for wrongfully digging up and carrying away earth and gravel from within the limits of a highway. It was held the action would lie, but it did not appear that the earth and gravel were removed for the purpose of improving the highway at the place from whence they were taken; and the court expressly holds that the question presented in that case is not whether the supervisor had the right to improve one part of the highway by removing earth and gravel therefrom and depositing such material for the improvement of the highway at another point. In *Turner* v. *Rising Sun, etc., Turnpike Co.*, 71 Ind. 547, cited by appellant's counsel, it is held that a road supervisor has no right to open a gravel pit in a highway and remove gravel therefrom to be used on other parts of the highway, and that a turnpike company which has appropriated the highway cannot remove earth and gravel without compensation first made, or assessed and tendered. But in that case the earth and gravel were not removed for the purpose of improving the road at that point. In the *City of Delphi* v. *Evans*, 36 Ind. 90, 10 Am. Rep. 12, it was held that the common council of the city had no power to remove earth and gravel from one street for the purpose of filling up another street which had been ordered improved, where the removal of the earth and gravel was not for the purpose of improving the street from whence removed.

It will be seen that in each of the above cases complaint was made because of the removal of earth from a place, not itself being improved, but for the purpose of getting earth to make some other improvement, and

this fact clearly distinguishes these cases from the case at bar. The same is true of many of the cases of other courts cited by counsel. Although the fee of a street and a public highway may be in the adjoining lot owner, and as a general proposition he retains absolute control, subject only to the public easement, yet the uses to which a street in a city may be put are greater than with respect to ordinary highways in the country. In populous cities the easement is necessarily something more than a mere right of passage. The abutting owner is still the owner of the soil, and retains his exclusive right to all mines, quarries and the like not inconsistent with the public use, and this use in a city extends to the right to construct sewers, lay water and gas mains and the like. The city has the right to do all acts necessary to the beneficial use of the street by the public. 2 Dillon Mun. Corp. (3rd ed.) sec. 688.

In some jurisdictions it is held that a city, in improving a street, may take the natural material found within its limits and use it in making such other improvements as the authorities deem best. *Bissell* v. *Collins*, 28 Mich. 277, 15 Am. Rep. 217; *Viliski* v. *City of Minneapolis*, 40 Minn. 304, 41 N. W. 1050; *Huston* v. *City of Ft. Atkinson*, 56 Wis. 350, 14 N. W. 444; *New Haven* v. *Sargent*, 38 Conn. 50, 9 Am. Rep. 360. See 2 Dillon Mun. Corp. (3rd ed.) sec. 687 and notes. But in this State the rule is declared to be that the city can remove the natural soil from one street to another only when the improvement of the two streets is embraced in one and the same general plan of improvement. In *City of Aurora* v. *Fox*, 78 Ind. 1, suit was brought for the wrongful carrying away of the soil of the street. It appeared from the complaint that the city, without having adopted any general plan for the improvement of the streets, and without having adver-

tised for proposals, and without having entered into a written contract, proceeded to dig up and haul away and appropriate the soil of the street. An instruction was requested to the effect that if it appeared that the city had established the grade of the street in question, and that the common council had caused the earth to be removed from the street and had graded the same according to the plan of improvement of the street; that the work was done carefully and skilfully, doing no unnecessary injury to the abutting owner; that the owner's lot was not interfered with and that there was no malice or ill will toward the lot owner in adopting the plan and in making the improvement, the city was not liable. It was held that the instruction was erroneous in not correctly stating the law on the question of the right of the city to remove the soil from the street being improved, the court saying: "The city, as we have already said, had no right to remove the soil unless it was necessary for the improvement of the street, nor had it any right to use the earth taken from the street for any other purpose than that of grading streets forming part of the same general plan of improvement." In another part of the opinion it is said: "Where there is a general plan for the gradation and improvement of highways, intersecting streets and highways in the vicinity of the one improved are to be deemed parts of the same general plan, and soil may be removed from one and placed upon another. * * * Where the soil is removed from one street to another, it should be shown that the improvement of the two streets was embraced in and formed part of one and the same general plan." There is good reason for the limitation expressed in the rule as declared in the above case. It is well illustrated in the case at bar. By the terms of the contract and specifications the price paid the contractor included the cost of exca-

vating and removing this material from the streets to such places as appellee designated. This cost is assessed against the abutting owner. But the abutting owner is to pay his proportionate part of the whole cost of a certain improvement, and not this cost together with the cost of hauling this material to some remote place in the city for the purpose of improving some other street not contemplated in the same general plan. The basis of the assessment is the supposed benefits to the abutting property by reason of the particular improvement. If the city had the right to use this material as it did use it, it had the right to sell it or to give it to the contractor as a part of his compensation. When the earth and gravel were dug up and were no longer used for street purposes, they became the property of the abutting owner, subject only to the right of the city to use them in improving other streets under the same general plan of improvement.

When the abutting owner surrenders such rights as the public easement requires, it may be said that he impliedly agrees to surrender his right to the soil should the municipality need it in repairing or improving that particular way or system of which that is a part and which the law presumes enhances the value of his property. But this is carrying the rule to its limit, and it will not do to say that he impliedly agreed that his property might be taken by the municipality to enhance the value of the property of some one else. The city could not, as of right, take the material and use it for the purposes it did use it. So that, unless it acquired this right in some way at some stage of the proceedings, the right did not exist, and such taking was wrongful and a right of action accrued to the injured party.

But we do not think appellant could rest simply upon his right to the possession of the materials, but

that he must take possession or show a legal excuse for not doing so. He did demand of the appellee that the material be delivered to him at a certain place. This demand he had no right to make. He did have the right to take the material away, but he had no right to require the city to remove it for him. It must be said from the findings that he knew that the improvement was being made. He knew the city had the right to make the excavation for the purpose of improving the street. It was necessary that this material be removed in making the improvement. It is true the finding shows the city was in exclusive possession of the street and material during the progress of the improvement. But this possession was only for the purpose of making the improvement, and did not excuse appellant from taking some steps to assert his own rights. He had the right to go upon the street and haul the material away as soon as it was excavated, and the city must give him a reasonable time, under all the circumstances, to do the work. It can not be said that the city had converted the material by digging it up. Appellant could have no title until it ceased to be used as a street. It does not appear that appellant was prevented by any one from removing it. He could remove it or abandon it, and as he took no steps to remove it, never offered to remove it, knew it must be removed, and had demanded that the city should remove it to a designated place for him, the city had the right to conclude that he did not intend to remove it. Under such circumstances the city had the right to treat it as having been abandoned and to use it for such streets as it saw fit.

It follows from what we have said that the second paragraph of answer is bad. But the error in overruling the demurrer was not reversible error. The court found as a fact that the gravel as it lay on First

street after being excavated and loosened, had no value of any kind, and was not worth the cost of removal. It is evident that appellant did not fail in the court below because of the defense set up in this paragraph of answer, but because of failure to prove his complaint. Upon the facts found, the appellant failed to recover independently of anything alleged in the second paragraph of answer. As we believe the judgment to be right on the facts, it cannot be reversed on intermediate errors. Sections 401, 670, Burns' R. S. 1894; Elliott App. Proc., sections 637, 638; *Walling* v. *Burgess*, 122 Ind. 299; *Butt* v. *Butt*, 118 Ind. 31; *Foster* v. *Bringham*, 99 Ind. 505. Judgment affirmed.

## ON PETITION FOR REHEARING.

PER CURIAM.—Counsel for appellant strenuously re-argue the questions decided in the principal opinion. Nothing whatever is presented in the petition for a rehearing that was not fully considered by the court on the original hearing. We have again carefully considered all the questions raised by the petition, and there is nothing said in support of the petition calling for special notice. Counsel have presented no reason or authority, and we know of none, why the affirmance of the judgment rendered by the trial court should not stand. We are content with the original opinion, and adhere to the law of the case as therein declared on every material point. A motion is also presented and argued at length to transfer the case to the Supreme Court, on the ground that a constitutional question is involved. No such question was presented, or even suggested, in the briefs on the original hearing. After a case has been argued and decided solely upon the merits, a constitutional question cannot be raised upon a petition for a rehearing for the purpose of having the case transferred to the

Supreme Court. It is a very familiar rule that new questions will not be considered by the appellate tribunal on petition for rehearing. And it has also been held that questions not urged in argument before the decision in the cause will not be considered after a rehearing has been granted on other grounds. *Wasson* v. *First Nat'l Bank*, 107 Ind. 206; *Danenhoffer* v. *State*, 79 Ind. 75; *Emerson* v. *Opp*, 9 Ind. App. 581; *Johnson* v. *Jones*, 79 Ind. 141, and cases cited; *Louisville, etc., R. W. Co.* v. *Hicks*, 11 Ind. App. 588.

The petition for a rehearing and the motion to transfer are overruled.