# THE SINKER-DAVIS COMPANY *v.* CITY OF INDIAN-APOLIS ET AL.

[No. 21,530. Filed April 25, 1911. Rehearing denied April 23, 1912.]

1. COURTS.—*Precedents.—Decisions of Same Court.*—Where two cases were consolidated in the trial court, and on appeal the records, including the pleadings, are substantially the same in each case, and the questions presented are identical, the decision of the Supreme Court on one of such appeals will be regarded as a ruling precedent and held to determine similar questions presented on the other appeal. p. 419.

2. RAILROADS. — *Track Elevation Proceedings. — Assessment of Damages.—Remonstrance.—Appeal From Action of Board of Public Works.—Procedure.*—The method contemplated to be employed by §5 of the track elevation statute (§8868 Burns 1908, Acts 1905 p. 144) in prosecuting an appeal to the superior court from the decision of the board of public works as to the assessment of damages arising out of the elevation or depression of railroad tracks, is for the remonstrator to file an appeal bond to the approval of such board and procure and file a certified transcript of the proceedings in the office of the clerk of the court to which the appeal is taken. p. 420.

3. RAILROADS.—*Track Elevation Proceedings.—Appeal.—Original Complaint.*—An original complaint, filed in the trial court with the transcript of the proceedings before the board of public works in an appeal from its assessment of damages arising out of the elevation or depression of railroad tracks, is wholly unwarranted and of no avail. p. 421.

4. MUNICIPAL CORPORATIONS.—*Change of Grade of Streets.—Rights of Abutting Owners.*—Where, in the case of a street improvement, an abutter is shown to be entitled to the surplus soil, and desires to exercise the right to remove it for his own use, he must act promptly in asserting such right and make it known to the proper city authorities, and if he fails or neglects to remove such soil he must be held to have abandoned or waived his right thereto. p. 423.

VOL. 177—27

5. MUNICIPAL CORPORATIONS.—*Change of Grade of Streets.—Several Streets Improved Under General Plan.—Removal of Soil in Street.*—Where several streets are being improved under the same general plan the city may take the surplus soil from one street and use it in furtherance of the improvement of another street included in the same general plan.    p. 423.

From Superior Court of Marion County (76,699) ; *John L. McMaster,* Judge.

Proceedings by the City of Indianapolis to abolish certain railroad grade crossings. The Sinker-Davis Company remonstrated against the assessment of damages by the board of public works of said city.   From a judgment for said city and the railroad companies, the remonstrant appeals.   *Affirmed.*

*Pickens, Cox & Kahn, Harvey & Harvey, Earl R. Conder,* and *John E. Scott,* for appellant.

*Frederick E. Matson,* Corporation Counsel, *Leonard J. Hackney, Frank L. Littleton, Elam, Fesler & Elam, Baker & Daniels, Samuel O. Pickens, F. Winter, C. D. Bowen, J. D. Pierce,* and *Edward B. Raub,* for appellees.

JORDAN, J.—This case was in the lower court consolidated with the case of *Morris* v. *City of Indianapolis* (1911), *ante,* 369, 94 N. E. 705.   The cases involve the same track elevation statute and the resolution of the board of public works of the city of Indianapolis, which we considered in the Morris case.   In fact, the records in these two appeals, including the pleading, etc., are substantially the same, and the questions presented are identical, with the single exception that in the case now before us appellant seeks to recover for soil removed from Missouri street and Kentucky avenue.   Under the circumstances, therefore, the decision of this court in the case of *Morris* v. *City of Indianapolis, supra,* must be regarded as a ruling precedent, and held to determine the questions presented in this appeal in regard to the validity of the statute and appellant's right to recover the damages

which it claims to have suffered on account of the change of the grades of the streets on which its property abuts. The court below sustained the several demurrers of appellees to the transcript and the complaint, and rendered judgment against appellant on demurrers.

It is disclosed that appellant appeared before the board of public works of the city of Indianapolis, and remonstrated against the assessment of damages as made by said board. The grounds set up in the remonstrance were as follows: (1) That the award of $10 was too small, and did not represent the damages recoverable under existing law; (2) that the assessment was arbitrarily made without regard to existing law.

It is shown by an exhibit, filed in connection with the remonstrance, that appellant's access to its property has been temporarily interfered with by the change of the grade of the streets on which its property abuts, and damages, alleged to have resulted from the change of grades, are sought to be recovered. In addition to this, appellant seeks to recover for the removal of soil from Missouri street and Kentucky avenue, upon which its property abuts, which soil, it is charged, was used to construct the embankment on which the railroad rests. Under the remonstrance, appellant sought to have damages to the total amount of $50,000 awarded in its favor. The board of public works, after hearing the evidence given in support of the remonstrance, overruled it, and finally approved and confirmed the assessment of damages which it had previously made. From this decision of the board, appellant appealed to the Superior Court of Marion County.

As in the case of *Morris* v. *City of Indianapolis, supra,* appellant in taking an appeal seems to have employed two methods—(1) by filing an appeal bond to the approval of the board of public works, procuring a certified transcript of all the proceedings had before said board, and filing such transcript in the superior court; (2)

by filing an original complaint under §102 of what is known as the towns and cities act of 1905 (Acts 1905 p. 219, §8705 Burns 1908).

Section 5 of the track elevation statute (§8868 Burns 1908, Acts 1905 p. 144) provides that the board of public works shall be the tribunal for assessing damages arising out of the elevation or depression of railroad tracks in carrying out the work as authorized by the statute, in case such damages are recoverable under existing laws. It also prescribes the procedure to be had in the matter before the board of public works, and gives the right of appeal to a remonstrator from the decision of the board to the superior court of the county.

We are of the opinion that the method contemplated by the law to be employed in prosecuting the appeal to the superior court is for the remonstrator to file an appeal bond to the approval of such board, and to procure a certified transcript of all the proceedings in the matter had before said board, and file such transcript in the office of the clerk of the court to which the appeal is taken. Thereupon the clerk is authorized to docket the case as a cause pending in that court.

As we held in the case of *Morris* v. *City of Indianapolis, supra,* the original complaint filed by appellant in the lower court in this cause was wholly unwarranted, and, 2. therefore, of no avail. It is the remonstrance and other certified proceedings before the board of public works which are entitled to be considered by the superior court and by the Supreme Court in the event of an appeal from the former court.

Appellant, as shown, is engaged in operating a plant for the manufacture of machinery. This plant, as disclosed by the record, is situated in square ninety-one in the city of Indianapolis, on a rectangular tract of land bounded on the west by West street and on the east by Missouri street. The south line of this tract is about eighty feet north of the north line of Louisiana street. Appellant's foundry and machine

shops are located on this tract. Appellant also owns a triangular tract of land situated on the east side of Missouri street opposite to the tract first-above mentioned. The latter is shown to be bounded on the west by Missouri street, on the southeast by Kentucky avenue, and on the northeast by the right of way of the Cleveland, Cincinnati, Chicago and St. Louis railway. This triangular tract is used by appellant for the storage of boilers and other machinery. It appears that in making the improvements, as authorized, the grade of Kentucky avenue in front of appellant's premises was lowered about seven feet, and the grades of both West and Missouri streets in front of its property were lowered from two to seven feet. After the alteration of the grades of these streets they still remained open to the public, and are used for public travel to their full width, in like manner as they were before the change was made in their respective grades.

In addition to the questions presented by appellant relative to its rights to recover damages on account of the change of grades of respective streets, its counsel contend and

3. argue that it is also entitled to recover damages for soil removed from Missouri street and Kentucky avenue, and used to construct an embankment on Louisiana street, on which the railroad rests. Counsel for appellees, however, argue and insist that appellant has no right to recover on this feature of the case, for two reasons: (1) Because the city had the right to remove the soil in controversy from Missouri street and Kentucky avenue, in order to construct the embankment on Louisiana street, which embankment was a part of the same general plan of street improvement; (2) because it is not disclosed that appellant ever offered to remove the soil or claimed any right to it before it was removed by the city. Therefore, its counsel argue, that if appellant had any right to the soil in question it must be considered as having abandoned such right by standing by and permitting the soil to be removed without objection. This view of the question is fully sustained by the author-

ities. *Haas* v. *City of Evansville* (1898), 20 Ind. App. 482, 50 N. E. 46, 51 N. E. 105; *City of Aurora* v. *Fox* (1881), 78 Ind. 1.

It was held in the case last cited, that the right to the soil of a public street remains in the owner of the fee, and that a municipal corporation has no right to remove it unless its removal be necessary for the improvement of the street. It was further held in this case, that where there is a general plan for grading and improving highways or streets, intersecting streets and highways in the vicinity of the one improved are to be deemed parts of the same general plan, and soil may be removed from one and used on another.

The same doctrine was affirmed in *Haas* v. *City of Evansville, supra.* In that case, an abutting property owner sued the city of Evansville to recover for surplus soil taken from an excavation made in front of plaintiff's property by the city in improving the street. The facts in that case show that in improving the streets in question it was necessary to remove the surplus earth. Plaintiff did not offer to remove it. The only thing he did was to demand that the city should haul away the soil and deposit it on certain lots which he designated, and of which he was the owner. The city refused to comply with this demand. In considering the question as there presented, the court said: "Appellant could not rest simply upon his right to the possession of the materials, but that he must take possession or show a legal excuse for not doing so. He did demand of the appellee that the material be delivered to him at a certain place. This demand he had no right to make. He did have a right to take the material away, but he had no right to require the city to remove it for him. * * * He knew the city had the right to make the excavation for the purpose of improving the street. It was necessary that this material be removed in making the improvement. * * * He had the right to go upon the street and haul the material away as soon as it was excavated, and the city must give him a reasonable time,

under all the circumstances, to do the work. * * * It does not appear that appellant was prevented by any one from removing it. He could remove it or abandon it. And as he took no steps to remove it, never offered to remove it, knew it must be removed, and had demanded that the city should remove it to a designated place for him, the city had the right to conclude that he did not intend to remove it. Under such circumstances the city had the right to treat it as having been abandoned and to use it for such streets as it saw fit." We believe that the court in that case asserted and enforced the true rule. This is necessarily true. Were it otherwise, it would be virtually impossible to carry forward with dispatch the improvement of public streets. In the case of a street improvement, where the abutter is shown to be entitled to the surplus soil, and desires to exercise the right to remove it for his own use, he must act promptly in asserting such right, and make it known to the proper city authorities, and if he fails or neglects to remove such soil he must be held to have abandoned or waived his right thereto.

It does not appear in this case that appellant asserted any right or title to the soil in question, or made any offer to remove it for its own use, or in any manner to take care of it. Consequently, under the rule which we affirm, appellant must be held to have waived or abandoned its claim or right thereto.

Again, on another view, the city had the right to take the surplus soil in question from Missouri street and Kentucky avenue, and use it, as it did, to construct an embankment in Louisiana street, a street in the vicinity of the former streets. This embankment was a part of the same general plan of street improvement. *City of Aurora* v. *Fox, supra.*

The questions in regard to appellant's right to recover on account of the change of the street grades have been so fully considered in *Morris* v. *City of Indianapolis, supra,*

that a further review thereof in this case can serve no useful purpose. We may add, however, that the cases of *Egbert* v. *Lake Shore, etc., R. Co.* (1893), 6 Ind. App. 350, 33 N. E. 659, and *O'Brien* v. *Central Iron, etc., Co.* (1902), 158 Ind. 218, 63 N. E. 302, 57 L. R. A. 508, 92 Am. St. 305, cited and relied on by appellant, are not in point, and can exert no influence over the decision in this case.

In *Egbert* v. *Lake Shore, etc., R. Co., supra,* the railroad company on its own motion, and for its own accommodation and without any direction or command from the town authorities in making an improvement to its roadbed, materially interfered with the ingress to and the egress from plaintiff's premises. Under the facts in that case the railroad company was held liable to the property owner for damages.

In *Chicago, etc., R. Co.* v. *Johnson* (1910), 45 Ind. App. 162, 90 N. E. 507, the case of *Egbert* v. *Lake Shore, etc., R. Co., supra,* is shown by the court's opinion to be inapplicable to the question as presented in the case at bar. The railroad in the latter cause ran through the city of Bedford, Lawrence county, Indiana. The city, by an ordinance, ordered and required the railroad company to depress its tracks so that the grade thereof would conform to the grade of the street on which the tracks were located, which street the city desired to improve. The city and the railroad company subsequently entered into a contract, under which the company agreed to straighten its tracks, to remove a switch track, and to construct a portion of the improvement in changing the tracks and grade at its own expense. As a consequence of making the improvement by the railroad company, appellee, an abutting owner, was seriously damaged by reason of the company cutting down the surface of the street in front of his property to an established grade. The company claimed that, in changing the grade of the street at the direction or command

of the city, it was no more liable to the plaintiff for damages than the city would be. The court accepted the view that because the change of the grade in that case was made solely for the accommodation of the public the railroad company was not liable. The court in that appeal affirmed that the railroad company did that which the city had a right to require it to do, and that therefore its relation to the abutting property owner would have to be determined in view of that fact. It further affirmed that where a street is graded pursuant to legal authority, and in a careful manner, abutting property owners have no right to compensation, unless it is awarded by statute, and held that the company ought not to be held responsible for damages caused by the act of the city in fixing a grade and conforming the street thereto for its own convenience. Or, in other words, as the railroad company had done the work of changing the grade of the street at the direction of the city, the court regarded the company —in respect to its liability—as though it stood in the shoes of the city.

The late case of *Cincinnati, etc., R. Co.* v. *City of Connersville* (1910), 218 U. S. 336, 31 Sup. Ct. 93, 54 L. Ed. 1060, lends no support in favor of appellant's right to recover in this action. What the court held in that case was that the railroad company might be required to bear the entire expense arising out of the construction of the railway bridge over a public highway or street, made necessary by the act of the city in opening such highway through an embankment of the railroad company; that casting the payment of such bridge on the railroad company would not be denying due process of law, as guaranteed under the federal Constitution, which requires that compensation be made when private property is taken for public use.

Without giving the questions here involved any further consideration, we adjudge on the authority of the decision in the case of *Morris* v. *City of Indianapolis, supra,* that the

lower court did not err in holding that there was no liability in favor of appellant against any of the appellees in this appeal.

The judgment is therefore affirmed.

NOTE.—Reported in 94 N. E. 886. See, also, under (1) 3 Cyc. 395; 11 Cyc. 757; (2) 33 Cyc. 299; (3) 33 Cyc. 299, 300; (4) 28 Cyc. 1086; 43 Am. Dec. 723; (5) 28 Cyc. 847.