

IN THE

# Court of Appeals of Indiana

In Re: the Paternity of G.S.;

A.T. and J.T.,

*Appellants-Petitioners*

v.

J.S.,

*Appellee-Respondent*



FILED

Aug 13 2025, 9:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

August 13, 2025

Court of Appeals Case No.
25A-AD-100

Appeal from the Fulton Circuit Court

The Honorable Jacob D. Winkler, Special Judge

Trial Court Cause Nos.
25C01-2308-AD-7
25C01-2412-JP-124

---

**Opinion by Judge Tavitas**
Judges Vaidik and Felix concur.

**Tavitas, Judge.**

## Case Summary

[1]  This is the latest appeal related to contentious paternity and adoption proceedings in multiple counties concerning G.S. ("Child"). A.T. ("Stepfather") and J.T. ("Mother") appeal the trial court's order in the paternity action filed by J.S. ("Father") and contend that the trial court lacked jurisdiction to preside over the paternity petition.[1] According to Stepfather and Mother, the trial court was required to transfer the paternity action to Hamilton County after Stepfather and Mother voluntarily dismissed their adoption petition in Fulton County and quickly refiled in Hamilton County. Mother and Stepfather also argue that the trial court erred by ordering them to pay Father's attorney fees.

[2]  We conclude that the trial court properly denied Mother's and Stepfather's petition to transfer the paternity petition to Hamilton County. Further, the trial court's findings that Mother's and Stepfather's conduct amounted to bad faith and that Father is entitled to attorney fees are not clearly erroneous. Accordingly, we affirm.

---

[1] Although technically only Mother and Father were parties to the paternity action, Mother and Stepfather are listed as Appellants in this matter. The proceedings were consolidated below. Throughout the proceedings, Mother was often listed on pleadings in the adoption matter, and Stepfather was often listed on pleadings in the paternity matter. Further, the same counsel represented both Mother and Stepfather.

## Issues

Mother and Stepfather raise two issues, which we restate as:

> I. Whether the trial court erred by denying Mother's and Stepfather's request to consolidate the paternity action with a subsequently filed adoption petition in Hamilton County.
>
> II. Whether the trial court clearly erred by ordering Mother and Stepfather to pay Father's attorney fees.

## Facts

Unfortunately, Mother's and Stepfather's statement of the case and statement of the facts fail to mention that this is the latest in a long line of appeals in this paternity matter and the related adoption cases. As in a previous appeal of this matter, their Appellants' Brief "paints a very straightforward picture of this litigation. It has been anything but."[2] *In re G.S.*, No. 25A-AD-90, slip op. at 2 (Ind. Ct. App. May 20, 2025) (mem.) (certified July 15, 2025).

> The parties have a complicated history that involves five trial-court cause numbers in three counties (No. 32D03-2307-JP-98,

---

[2] We remind Appellants' counsel that Indiana Appellate Rule 46(A)(6) requires that the statement of facts in an appellant's brief "describe the facts relevant to the issues presented for review . . . ." Appellate Rule 46(A)(5) provides that the statement of the case "shall briefly describe the nature of the case, the course of the proceedings relevant to the issues presented for review, and the disposition of these issues by the trial court . . . ." Further, Appellate Rule 50(A)(2)(f) requires an appendix to contain "pleadings and other documents from the Clerk's Record in chronological order that are necessary for resolution of the issues raised on appeal." Appellants' statement of the case and statement of the facts failed to include many facts and procedural events relevant to the issues. Appellants' Appendix fails to contain many pleadings and documents necessary to adequately address Appellants' arguments.

No. 25C01-2308-AD-7, No. 29D02-2402-AD-179, No. 25C01-2412-AD-15, and No. 25C01-2412-JP-124), three appeals to this Court (No. 24A-AD-793, No. 25A-AD-90, and No. 25A-AD-100), and an original action in our Supreme Court (No. 24S-OR-360).

*Id.* Accordingly, as in the previous appeal, we have taken judicial notice of the other matters and appeals involving these parties. The complex procedural history is detailed in the trial court's order at issue here and the previous appeals. Although we do not attempt to detail every filing in the matters at issue, the following are the most relevant and necessary facts that we have pieced together despite Appellants' inadequate briefing.

[5] Child was born to Mother and Father in April 2021; their relationship ended in the spring of 2022. In July 2023, Father filed a petition to establish paternity, parenting time, and child support in Hendricks County. In August 2023, Mother married Stepfather, and Stepfather filed a petition to adopt Child in Fulton County ("first adoption petition"), where Mother, Stepfather, and Child lived. Stepfather moved to have the Hendricks County paternity action consolidated with the first adoption petition, which the Fulton County trial court judge ("Fulton County") granted. Father then filed a notice contesting

the adoption. Father's paternity action, however, was stayed by the Hendricks County trial court pending the resolution of the first adoption petition.[3]

On February 6, 2024, Stepfather hired a new attorney with an office in Hamilton County, who moved to dismiss the Fulton County first adoption petition without prejudice, which the trial court granted on February 7, 2024. On the same day, Father filed a motion for a hearing on the paternity action and a motion for attorney fees.

On February 8, 2024, Stepfather filed a second adoption petition in Hamilton County ("second adoption petition"). Mother also filed a motion in Fulton County to transfer and consolidate the paternity matter with the Hamilton County second adoption petition. Father then filed a motion to correct error regarding the dismissal of the Fulton County first adoption petition. Father also filed a motion in Hamilton County to: (1) transfer the Hamilton County second adoption petition to Fulton County; or (2) stay the Hamilton County second adoption proceeding pending resolution of the motion to correct error in Fulton County. In April 2024, the Hamilton County trial court ("Hamilton County") stayed the second adoption petition pending resolution of the Fulton County first adoption petition. After a hearing, Fulton County granted Father's

---

[3] We noted in the first appeal that procedural irregularities existed regarding the paternity action's consolidation. *See In re G.S.*, 254 N.E.3d 1071, 1081-82 (Ind. Ct. App. 2025) (Tavitas, J., concurring), *trans. denied*.

motion to correct error and set aside the dismissal of the Fulton County first adoption petition in April 2024.

[8] Fulton County proceeded to hold an evidentiary hearing on Stepfather's first adoption petition on June 17, 2024. On July 30, 2024, the trial court found that Father's consent was required because: (1) Mother thwarted Father's efforts to communicate with Child and, thus, Stepfather failed to show by clear and convincing evidence that Father failed without justifiable cause to communicate significantly with Child; and (2) Stepfather failed to prove by clear and convincing evidence that Father knowingly failed to provide for the care and support of Child when able to do so as required by law or judicial decree. Accordingly, Fulton County denied Stepfather's first adoption petition.[4]

---

[4] Indiana Code Section 31-19-10-6 governs the determination of an adoption contest and provides:

After setting the matter for a hearing under section 5 of this chapter, the court:

(1) may dismiss the petition to contest the adoption under IC 31-19-10-1.2(g) or on other procedural grounds; or

(2) shall, after hearing evidence at the hearing:

    (A) **dismiss the petition for adoption if the court**:

        (i) finds that the person who filed the motion to contest the adoption has established that it is in the best interests of the child that the motion to contest the adoption be granted;

        (ii) **finds that a required consent to adoption has not been obtained in writing or has not been implied under IC 31-19-9**; or

        (iii) permits a necessary consent to adoption to be withdrawn; or

    (B) deny the motion to contest the adoption.

(emphasis added). Here, Fulton County decided the first adoption petition in July 2024 and determined that Father's consent to the adoption was required. Although the trial court "denied" Stepfather's petition, pursuant to Indiana Code Section 31-19-10-6(2)(A)(ii), Stepfather's first adoption petition technically should have been "dismissed." We use "deny" throughout to distinguish the voluntary dismissal of the adoption petition and the dismissal of the petition after a determination of lack of necessary consent.

Stepfather appealed the reinstatement of the first adoption petition in Fulton County and Fulton County's denial of his first adoption petition. This Court affirmed the trial court on February 26, 2025. *See G.S.*, 254 N.E.3d at 1080-81. Our Court concluded that: (1) Fulton County properly reinstated the first adoption petition; and (2) because Father's consent was necessary for Child's adoption, the first adoption petition was properly denied.

[9] In July 2024, in Fulton County, Father requested a hearing on the paternity matter and Father's request for attorney fees. Despite Fulton County's denial of Stepfather's first adoption petition and the pending appeal regarding that matter, in September 2024, Mother petitioned to transfer the Fulton County paternity action to Hamilton County because "the Fulton Count [sic] Adoption is no longer pending[.]" Appellant's App. Vol. II p. 58. Fulton County denied Mother's motion. Mother and Stepfather then filed a motion to vacate hearings set in the paternity matter because they claimed that Fulton County lacked jurisdiction to hear the matter. Mother and Stepfather, again, sought to transfer the paternity matter to Hamilton County. Fulton County again denied the motion.

[10] Stepfather petitioned Hamilton County to lift the stay of the Hamilton County second adoption petition. Hamilton County denied Stepfather's motion and transferred the second adoption petition to Fulton County in December 2024. Stepfather filed a motion for reconsideration and a motion to correct error,

which Hamilton County denied. Stepfather then appealed the Hamilton County order.[5]

[11] In November 2024, Fulton County held an evidentiary hearing on the paternity action and entered a decree of paternity and a provisional order for custody, child support, and parenting time.[6, 7] On January 7, 2025, Fulton County issued a final order with extensive findings of fact and conclusions thereon regarding Father's paternity petition and request for attorney fees.[8] Mother was granted legal and physical custody of Child; Father was granted parenting time; Father's child support obligation and arrearage were determined; and Mother and Stepfather were ordered to pay Father's attorney fees.

[12] Attorney fees were awarded pursuant to Indiana Code Section 34-52-1-1, Indiana Code Section 31-14-18-2, and Trial Rule 37. Regarding the attorney fee award under Indiana Code Section 34-52-1-1, the trial court found:

---

[5] This Court later affirmed the trial court's order transferring the second adoption petition to Fulton County. *See In re G.S.*, No. 25A-AD-90 (Ind. Ct. App. May 20, 2025) (mem.).

[6] This order was entered in the first adoption matter and later made of record in the paternity cause. Fulton County also ordered that a cause number be assigned to the paternity action in December 2024.

[7] On October 18, 2024, Stepfather also filed a petition for writ of mandamus and prohibition with our Supreme Court seeking relief under the Rules of Procedure for Original Actions. Our Supreme Court dismissed the petition because Stepfather sought "a remedy that is not appropriate under the rules and law governing writs of mandamus and prohibition." Order Dismissing Original Action, No. 24S-OR-360 (Ind. Nov. 1, 2024).

[8] In March 2025, Stepfather filed a third adoption petition in Hamilton County in Cause No. 29D02-2503-AD-339. Father filed a motion to dismiss based upon res judicata and a motion for attorney fees. The trial court denied Father's motion to dismiss on June 5, 2025. Accordingly, that adoption petition is still pending.

125. Here, the Court finds that [Stepfather] and the Mother engaged in frivolous and unreasonable litigation and that said litigation was conducted in bad faith.

126. First the Court notes that the chronological case summary is wrought with examples of [Stepfather] and the Mother attempting to delay these proceedings. Whether through requests to continue proceedings, stay proceedings, vacate proceedings, or transfer proceedings, often times filed at or near a scheduled hearing. It is clear to this Court that [Stepfather] and the Mother were using the Court to thwart the Father's efforts to parent the Minor Child.

127. Furthermore, the lengths at which [Stepfather] and the Mother used the courts to delay these proceedings are astonishing. For example, [Stepfather] and the Mother filed an Original Action with the Supreme Court of Indiana, just one (1) business day prior to the Parties' final hearing on paternity, scheduled for October 22, 2024.

* * * * *

130. The Court further finds that [Stepfather] and the Mother engaged in bad faith litigation which demonstrates [Stepfather] and the Mother affirmatively operating with furtive design or ill will towards the Father.

131. For example, [Stepfather] and the Mother attempted to dismiss this cause of action and re-file an identical cause of action in Hamilton County one (1) day later.

132. This Court noted in paragraph "12" of its April 2, 2024 Order that the Father had expended substantial expense already,

given the proceedings began in July 2023 and there is still no resolution.

133. In addition to a review of the chronological case summary above, [Stepfather] and the Mother denied all the Father's attempts to communicate with and parent the Minor Child since May of 2022. The Mother testified at length, at hearing on June 17, 2024, about her frustration in losing a partition action she filed against the Father. Furthermore, the Mother ignored all the Father's attempts to communicate with and parent the child from May of 2022 to final hearing in this cause of action.

134. Simply put, [Stepfather] and the Mother's actions in these collective matters was not in the best interest of the Minor Child. Even if [Stepfather] and the Mother acted in good faith, initially, the Parties continued litigation and did everything in their power to delay the proceedings even after their claims became unjustified or unworthy of litigation. The Court finds their actions were taken in bad faith.

Appellants' App. Vol. II pp. 84-85.

[13] Regarding attorney fees in the paternity action under Indiana Code Section 31-14-18-2, the trial court found:

139. The Court previously found above that the misconduct of [Stepfather] and the Mother has caused the Father to incur extraordinary fees.

140. Even in the absence of said misconduct, the Mother is in a far superior position to pay fees than that of the Father and an award of fees is proper. Here, the Mother earns three times that of the Father. Specifically, the Father earns $60,476.00 per year and the Mother earns $173,784.00 per year.

*Id.* at 86.  The trial court further found that, because Father had to file a motion to compel discovery, an award of expenses, including attorney fees, was permitted under Indiana Trial Rule 37.  The trial court, thus, awarded Father attorney fees in the amount of $12,726, and subtracted Father's child support arrearage of $8,784, leaving $3,942 owed by Stepfather and Mother jointly and severally.

[14] A chart of this complex procedural history is included in an Addendum to this opinion.  Stepfather and Mother now appeal.

## Discussion and Decision

[15] Stepfather and Mother appeal Fulton County's paternity order and order awarding attorney fees to Father.  The trial court issued findings of fact and conclusions thereon pursuant to a request by Stepfather under Indiana Trial Rule 52(A).  Accordingly, we apply a two-tiered review.  *In re Adoption of P.J.W.*, 248 N.E.3d 574, 579 (Ind. 2025).  We "must first determine whether the evidence supports the findings and second, whether the findings support the judgment."  *Id.*  We "will not set aside the findings or the judgment unless they are **clearly erroneous**."  *Id.* (emphasis in original).  A "trial court's findings of fact are clearly erroneous if the record lacks any evidence or reasonable inferences to support them."  *Id.*  A "judgment is clearly erroneous when it is unsupported by the findings of fact and the  conclusions relying on those findings."  *Id.*  "We also owe no deference to a trial court's legal conclusions."  *Id.*

We also note that:

> there is a well-established preference in Indiana "for granting latitude and deference to our trial judges in family law matters." *In re Marriage of Richardson*, 622 N.E.2d 178 (Ind. 1993). Appellate courts "are in a poor position to look at a cold transcript of the record, and conclude that the trial judge, who saw the witnesses, observed their demeanor, and scrutinized their testimony as it came from the witness stand, did not properly understand the significance of the evidence." *Kirk v. Kirk*, 770 N.E.2d 304, 307 (Ind. 2002) (quoting *Brickley v. Brickley*, 247 Ind. 201, 204, 210 N.E.2d 850, 852 (1965)). "On appeal it is not enough that the evidence might support some other conclusion, but it must positively require the conclusion contended for by appellant before there is a basis for reversal." *Id*.

*Steele-Giri v. Steele*, 51 N.E.3d 119, 124 (Ind. 2016).

Finally, we note that Father has not filed an appellee's brief in this matter. "[W]here, as here, the appellees do not submit a brief on appeal, the appellate court need not develop an argument for the appellees but instead will 'reverse the trial court's judgment if the appellant's brief presents a case of prima facie error.'" *Salyer v. Washington Regular Baptist Church Cemetery*, 141 N.E.3d 384, 386 (Ind. 2020) (quoting *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 758 (Ind. 2014). "Prima facie error in this context means 'at first sight, on first appearance, or on the face of it.'" *Id*. This less stringent standard of review relieves us of the burden of controverting arguments advanced in favor of reversal where that burden properly rests with the appellee. *See, e.g.*, *Jenkins v. Jenkins*, 17 N.E.3d 350, 352 (Ind. Ct. App. 2014). We are obligated, however,

to correctly apply the law to the facts in the record in order to determine whether reversal is required. *Id.*

## I. Jurisdiction

Stepfather and Mother first argue that Fulton County lacked jurisdiction over the paternity action because Fulton County was required to consolidate the paternity matter with the pending second adoption petition in Hamilton County. In support of their argument, Stepfather and Mother rely upon Indiana Code Section 31-19-2-14(a), which provides:

> If a petition for adoption and a paternity action are pending at the same time for a child sought to be adopted, the court in which the petition for adoption has been filed has **exclusive jurisdiction** over the child, and the paternity proceeding must be consolidated with the adoption proceeding.

(emphasis added).

Stepfather and Mother fail to explain the type of jurisdiction at issue here. We note that trial courts possess two kinds of "jurisdiction"—subject matter jurisdiction and personal jurisdiction. *K.S. v. State*, 849 N.E.2d 538, 540 (Ind. 2006). "Subject matter jurisdiction refers to a court's constitutional or statutory power to hear and adjudicate a certain type of case." *D.P. v. State*, 151 N.E.3d 1210, 1213 (Ind. 2020). The trial court here had subject matter jurisdiction to hear a paternity action. *See* Ind. Code § 33-28-1-2(a)(1) (Circuit courts have "original and concurrent jurisdiction in all civil cases"). "Other phrases recently common to Indiana practice, like 'jurisdiction over a particular case,'

confuse actual jurisdiction with legal error[.]" *K.S.*, 849 N.E.2d at 540. The use of the term "jurisdiction" in Indiana Code Section 31-19-2-14 refers to the now abolished "jurisdiction over the particular case." *See Packard v. Shoopman*, 852 N.E.2d 927, 930 (Ind. 2006).

[20] Stepfather and Mother challenge Fulton County's "jurisdiction" over the paternity matter because they contend that the only adoption pending was in Hamilton County and, thus, pursuant to Indiana Code Section 31-19-2-14(a), Fulton County was required to consolidate the paternity action with the second adoption petition in Hamilton County. Stepfather and Mother are incorrect.

[21] Stepfather and Mother rely only on Indiana Code Section 31-19-2-14(a) and fail to cite the remainder of the statute. The full text of Indiana Code Section 31-19-2-14 provides:

> (a) If a petition for adoption and a paternity action are pending at the same time for a child sought to be adopted, the court in which the petition for adoption has been filed has exclusive jurisdiction over the child, and the paternity proceeding must be consolidated with the adoption proceeding.
>
> **(b) If the petition for adoption is dismissed, the court hearing the consolidated adoption and paternity proceeding shall determine who has custody of the child under IC 31-19-11-5.**
>
> **(c) Following a dismissal of the adoption petition under subsection (b), the court may:**
>
> > **(1) retain jurisdiction over the paternity proceeding; or**

> **(2) return the paternity proceeding to the court in which it was originally filed.**
>
>> If the paternity proceeding is returned to the court in which it was originally filed, the court assumes jurisdiction over the child, subject to any provisions of the consolidated court's order under IC 31-19-11-5.

(emphasis added). Pursuant to Indiana Code Section 31-19-2-14(c), following the denial/dismissal of Stepfather's first adoption petition, Fulton County could retain jurisdiction and determine the custody of Child.

[22] Stepfather and Mother argue that the paternity proceeding was required to be transferred to Hamilton County, but we disagree.[9] The Hamilton County second adoption petition was stayed pending Fulton County's resolution of the first adoption petition. In December 2024, Hamilton County transferred the second adoption petition back to Fulton County. At the time Fulton County decided the paternity matter, the Hamilton County second adoption petition had already been transferred to and consolidated in Fulton County. We, thus, conclude that Fulton County properly presided over the paternity matter.

---

[9] This case reveals a significant issue with Indiana Code Section 31-19-2-2. On July 1, 2021, the statute was amended to allow an adoption petition to be filed in the county where "the attorney maintains an office." Ind. Code § 31-19-2-2(a)(3). This revision allows parties, as is evident in this case, to forum shop by dismissing adoption petitions without prejudice, retaining different attorneys in other counties, and refiling petitions until the party gets the desired result. This statute merely invites more litigation and allows parties to game the system. And lawyers who engage in such practices risk violating the Code of Professional Conduct.

[23]     Further, Stepfather's and Mother's argument would result in inconsistent appellate opinions. We held in an earlier appeal that Hamilton County did not err by transferring the second adoption petition to Fulton County.[10] *See G.S.*, Case No. 25A-AD-90. If we were to hold that Hamilton County should have presided over the paternity action because the second adoption petition was still pending in that County, such would conflict with our earlier decision that Hamilton County properly transferred the second adoption petition to Fulton County, where the paternity matter was addressed. Having already held that Hamilton County properly transferred the second adoption petition to Fulton County, we will not revisit that determination.[11]

---

[10] We note that the Appellant's Brief in this matter was filed on April 25, 2025, and we decided the appeal regarding the Hamilton County second adoption petition on May 20, 2025.

[11] "'It is res judicata that bars the same party from relitigating a case after final judgment, and the doctrine of law of the case that counsels adherence to earlier rulings in the same case.'" *Ind. State Ethics Comm'n v. Sanchez*, 18 N.E.3d 988, 993 n.2 (Ind. 2014) (quoting *Bethesda Lutheran Homes & Servs., Inc. v. Born*, 238 F.3d 853, 858 (7th Cir. 2001)). We acknowledge that this case fits firmly in neither the law of the case doctrine nor res judicata because the paternity and adoption cases are separate matters and have different parties. The law of the case doctrine has been applied, however, where two cases at issue were consolidated, as they are here. *See Sinker-Davis Co. v. City of Indianapolis et al.*, 94 N.E. 886, 887 (Ind. 1911) (holding that a prior appeal was "ruling precedent" in a separate appeal where the two cases were consolidated).

Moreover, in discussing the doctrine of res judicata, our Supreme Court has held:

> [R]es judicata operates "to prevent repetitious litigation of disputes that are essentially the same, by holding a prior final judgment binding against both the original parties and their privies." *Becker v. State*, 992 N.E.2d 697, 700 (Ind. 2013). This doctrine applies "where there has been a final adjudication on the merits of the same issue between the same parties." *Ind. State Ethics Comm'n v. Sanchez*, 18 N.E.3d 988, 993 (Ind. 2014) (quoting *Gayheart v. Newnam Foundry Co., Inc.,* (1979) 271 Ind. 422, 426, 393 N.E.2d 163, 167).

*In re Eq.W.*, 124 N.E.3d 1201, 1208 (Ind. 2019). We have held that privity:

> describes the relationship between persons who are parties to an action and those who are not parties to an action but whose interests in the action are such that they may nevertheless be bound by the judgment in that action. Whereas a "party" is one who is directly interested in the subject matter and has a right to make a defense or control the proceedings, a "privy" is one who after rendition of the judgment has acquired an interest in the subject matter affected by the judgment. The term includes those who control an action, though not a party to it, and those

Given that Fulton County presided over the first adoption petition (a decision that this Court affirmed in *G.S.*, 254 N.E.3d 1071) and the second adoption petition was transferred to Fulton County (a decision that this Court also affirmed in *G.S.*, No. 25A-AD-90), we conclude that Fulton County properly presided over the paternity matter pursuant to Indiana Code Section 31-19-2-14(c). We find no basis to conclude that Hamilton County was required to preside over the paternity matter because of the second adoption petition. Accordingly, we affirm Fulton County's denial of Stepfather's and Mother's petition to transfer the paternity action to Hamilton County.

## II. Attorney Fees

Next, Stepfather and Mother challenge the trial court's award of attorney fees to Father. "We review a trial court's award of attorney's fees for an abuse of discretion." *River Ridge Dev. Auth. v. Outfront Media, LLC*, 146 N.E.3d 906, 912 (Ind. 2020). "An abuse of discretion occurs when the court's decision either clearly contravenes the logic and effect of the facts and circumstances or misinterprets the law." *Id.* "To make this determination, we review any findings of fact for clear error and any legal conclusions de novo." *Id.*

---

whose interests are represented by a party to the action. As such, an entity does not have to control a prior action, or be a party to a prior action, for privity to exist. Therefore, in determining the parties for *res judicata* purposes, this court looks beyond the nominal parties and treats those whose interest are involved as the real parties.

*MicroVote Gen. Corp. v. Ind. Election Comm'n*, 924 N.E.2d 184, 196 (Ind. Ct. App. 2010) (internal citations omitted). It is apparent that both Stepfather and Mother were directly involved in both the adoption and the paternity matters, which were consolidated. Accordingly, under either analysis, we conclude that the parties are bound by the earlier appeal regarding Hamilton County's order.

[26] First, Stepfather and Mother argue that Mother "is not a party in the adoption" and Stepfather "is not a party in the paternity matter." Appellant's Br. p. 13. They, thus, argue that "an award of fees against [Stepfather] in the paternity matter is improper and an award of fees against [Mother] in the adoption matter is improper." *Id.* Stepfather and Mother, however, ignore the fact that the adoption matter and the paternity matter were consolidated pursuant to Indiana Code Section 31-19-2-14. It is apparent that both Stepfather and Mother were extensively involved in both actions; Mother was an interested party in the adoption matters, and Stepfather often filed pleadings in the paternity matter.[12] Under these circumstances, we cannot say the trial court abused its discretion by ordering Stepfather and Mother to pay the attorney fees jointly and severally.

[27] The trial court entered findings of fact and conclusions thereon awarding attorney fees pursuant to three theories: (1) Indiana Code Section 34-52-1-1(b); (2) Indiana Code Section 31-14-18-2; and (3) Trial Rule 37. We, however, focus our attention on Indiana Code Section 34-52-1-1(b), which provides:

> In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:

---

[12] *See, e.g.*, Appellant's App. Vol. II p. 61 (Mother and Stepfather filing a motion to vacate hearings in the paternity matter for lack of jurisdiction).

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3) litigated the action in bad faith.

"The statute balances an attorney's duty to zealously advocate with the goal of deterring unnecessary and unjustified litigation." *River Ridge Dev. Auth.*, 146 N.E.3d at 913.

[28]     The trial court here found that Stepfather and Mother engaged in bad faith. To constitute bad faith under Indiana Code Section 34-52-1-1(b)(3), "the conduct must be 'vexatious and oppressive in the extreme.'" *Duncan v. Yocum*, 179 N.E.3d 988, 1004 (Ind. Ct. App. 2021) (quoting *Neu v. Gibson*, 968 N.E.2d 262, 279 (Ind. Ct. App. 2012), *trans. denied*). "The standard is strict because an attorney fee award under the bad faith exception is punitive." *Id.* Bad faith "'is not simply bad judgment or negligence. Rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity. It is different from the negative idea of negligence in that it contemplates a state of mind affirmatively operating with furtive design or ill will.'" *K.R. Calvert Co., LLC v. Sandys*, 141 N.E.3d 811, 826 (Ind. Ct. App. 2020) (quoting *Oxendine v. Pub. Serv. Co. of Ind.*, 423 N.E.2d 612, 620 (Ind. Ct. App. 1980)).

The litigation tactics Stepfather and Mother have engaged in are astounding and clearly were designed to delay resolution of the matter and force Father to expend substantial attorney fees. The trial court's findings regarding bad faith are not clearly erroneous, and the trial court did not err by awarding Father attorney fees pursuant to Indiana Code Section 34-52-1-1(b).

Given our determination that Stepfather's and Mother's conduct evidences bad faith pursuant to Indiana Code Section 34-52-1-1(b), we need not address the trial court's determination that Father is entitled to attorney fees under Indiana Code Section 31-14-18-2 and Trial Rule 37. Accordingly, we affirm the trial court's award of attorney fees to Father.

## Conclusion

We conclude that the trial court properly denied Stepfather's and Mother's motion to transfer the paternity action to Hamilton County. And the trial court did not clearly err by ordering Stepfather and Mother to be responsible for Father's attorney fees. Accordingly, we affirm.

Affirmed.

Vaidik, J., and Felix, J., concur.

ATTORNEY FOR APPELLANTS
C. Matthew Zentz
Indianapolis, Indiana

# ADDENDUM – Procedural History

| Date | Hendricks County Proceedings | Fulton County Proceedings and Appeals | Hamilton County Proceedings and Appeals |
|---|---|---|---|
| July 2023 | Father files petition to establish paternity | | |
| August 2023 | | Stepfather files first adoption petition | |
| August 2023 | Paternity action transferred to Fulton County | Paternity action consolidated with first adoption petition | |
| February 2024 | | Stepfather voluntarily dismisses first adoption petition | Stepfather files second adoption petition |
| February 2024 | | Father files motion to correct error regarding the dismissal of the first adoption proceedings | |
| April 2024 | | | Second adoption petition stayed pending resolution of Fulton County proceedings |
| April 2024 | | Trial court grants motion to correct error and sets aside dismissal of first adoption petition, and Stepfather appeals | |
| July 2024 | | Trial court denies first adoption petition, and Stepfather appeals | |

| | | | |
|---|---|---|---|
| September 2024 | | Mother files petition to transfer paternity action to Hamilton County, which Fulton County denies | |
| September 2024 | | | Stepfather files petition to lift stay of second adoption petition |
| October 2024 | | Stepfather files petition for writ of mandamus and prohibition | |
| November 2024 | | Supreme Court denies Stepfather's petition for writ of mandamus | |
| November 2024 | | Trial court holds evidentiary hearing on Father's paternity petition | |
| December 2024 | | | Trial court denies Stepfather's motion and transfers second adoption petition to Fulton County, which Stepfather appeals. |
| January 2025 | | Trial court issues order on paternity, child support, parenting time, and attorney fees | |
| February 2025 | | This Court affirms the reinstatement of the first adoption petition and denial of Stepfather's first adoption petition | |

| | | | |
|---|---|---|---|
| March 2025 | | | Stepfather files third adoption petition |
| May 2025 | | | This Court affirms the trial court's order transferring the second adoption petition to Fulton County |